BEHR *v.* BAKER.

COSTS—COURT RULES—PREMIUM OF BOND TO STAY PROCEEDINGS TAX-
ABLE.

> Court Rule No. 5, § 7, providing that reasonable cost of procur-
> ing bond required by law in any action or proceeding shall
> be part of taxable costs of same, is valid, and therefore pre-
> mium paid for bond to stay proceedings pending appeal was
> properly taxed as part of costs (Constitution, art. 7, § 5;
> 3 Comp. Laws 1929, § 13540). WIEST, J., dissenting.

Assumpsit by Fred A. Behr and Frank W.
Coolidge, copartners, doing business as Behr &
Coolidge, against Erle K. Baker and Universal Rim
Company, an Illinois corporation, for legal services.
(See 255 Mich. 607.)   On motion for retaxation of
costs.   Submitted December 18, 1931.   (June, 1931,
Docket No. 67, Calendar No. 35,662.)   Denied March
2, 1932.

*Oxtoby, Robison & Hull,* for plaintiffs.

*Milburn & Semmes,* for defendants.

RETAXATION OF COSTS.

WIEST, J.  (*dissenting*).   This is an appeal by
plaintiffs from taxation of costs by the clerk, and
questions the items for printing the record and the
brief, inclusive of an abstract of the testimony, also
fee for bond on stay of proceedings.

Defendants contend that the rules do not pro-
vide for an appeal, and, therefore, it should not be

entertained. The power is inherent in the court and needs no rule.

Plaintiffs claim that the amounts taxed for printing the record and brief are in excess of a reasonable amount.

The record is somewhat prolix, and the abstract of testimony lengthy, but comply with the rules, and the cost thereof is established by the printer.

Plaintiffs make the following objection:

"They object to the item of $500 for the premium on bond to stay proceedings, on the ground that there is no rule or statute authorizing the taxing of such sum, or any sum, paid as premium on bond to stay proceedings; that a bond to stay proceedings is not a bond required by law, and the cost thereof is not, therefore, taxable as costs."

Court Rule No. 5, § 7, provides:

"Whenever a bond is required by law in any action or proceeding, the reasonable cost of procuring such bond shall be part of the taxable costs of the case, unless otherwise ordered by the court."

Under this rule the clerk taxed the item for premium on the bond given to stay proceedings. I think the rule beyond judicial power, and, therefore, void, and hold that the expense of the bond to stay proceedings, pending the appeal, cannot be taxed as costs.

With such item eliminated, the costs should stand as taxed by the clerk.

North, J. I think the rule (Court Rule No. 5, § 7) is valid under which the premium paid for the stay bond was taxed. General rule making power is conferred upon this court by the Constitution (article 7, § 5); and, further, by legislative enactment "the

regulation of costs'' by rule is specifically left with the court.  3 Comp. Laws 1929, § 13540.

The amount of the taxable costs will remain as determined by the clerk.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, and BUTZEL, JJ., concurred with NORTH, J.