Ronald C. WARE, Appellant,

v.

CITY OF ANCHORAGE, Appellee.

No. 882.

Supreme Court of Alaska.

April 11, 1968.

---

6. See People ex rel. Woods v. Green, 265 Ill. 39, 106 N.E. 504, 506 (1914).

7. Civ.R. 82(a). McDonough v. Lee, 420 P.2d 459, 465 (Alaska 1966).

John M. Savage, Stevens, Savage, Holland, Erwin & Edwards, Anchorage, for appellant.

Robert C. Erwin, James M. Powell, of Hughes, Thorsness & Lowe, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant's complaint against the city of Anchorage for damages for an alleged false arrest and imprisonment was dismissed without prejudice upon his failure, as a nonresident, to provide an undertaking to secure the payment of costs and attorney fees as provided for in AS 09.60.060.[1]

Appellant contends that AS 09.60.060 is procedural in its nature; that since the Alaska constitution vests in the supreme court the right to "make and promulgate" rules of procedure, the statute is invalid because under the constitution the legislature cannot "make" rules of procedure, it can only "change" such rules of practice and procedure as the supreme court has promulgated.[2]

Appellee contends that AS 09.60.060 is substantive. The first question to be determined, therefore, is whether the statute in question is substantive or procedural.

The authorities generally agree that substantive law creates, defines and regulates rights, while procedural law prescribes the method of enforcing the rights.[3]

While it has been held in states where rule making power is vested in the supreme court that the definition and taxation of court costs[4] and attorney's fees[5] are procedural,[6] we are nevertheless of the opinion that the statute under consideration is substantive law.

---

1. AS 09.60.060 states:

   *Security for costs where plaintiff a nonresident or foreign corporation.* When the plaintiff in an action resides out of the state or is a foreign corporation, security for the costs and attorney fees, which may be awarded against the plaintiff, may be required by the defendant. When required, all proceedings in the action shall be stayed until an undertaking executed by one or more sufficient sureties is filed with the court to the effect that they will pay the costs and attorney fees which are awarded against the plaintiff, for not less than $200. A new or an additional undertaking may be ordered by the court upon proof that the original undertaking is insufficient in amount or security.

2. Alaska Const. art. IV, § 15 states:

   *Rule-Making Power.* The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

3. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775, 776 (1964) ; State ex rel. Frederick v. Dist. Court, 399 P.2d 583, 585, 12 A.L.R.3d 1 (Wyo.1965).

4. Behr v. Baker, 257 Mich. 487, 241 N.W. 229, 230 (1932).

5. Westervelt's Sons v. Regency, Inc., 3 N.J. 472, 70 A.2d 767, 771 (1950).

6. See also Alaska Civ.R. 82, which allows and prescribes a formula for computing attorney's fees for the prevailing party; Levin & Amsterdam, Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision, 107 U.Pa.L. Rev. 1, 15 (1958) ; cf. Joiner & Miller, Rules of Practice and Procedure: A Study of Judicial Rule Making, 55 Mich. L.Rev. 623 (1957).

In Cohen v. Beneficial Industrial Loan Corp.[7] a New Jersey statute required that the plaintiff in a stockholder's derivative action post security for the payment of all defense expenses, including attorney's fees, if the action turned out to be unsuccessful. In holding that the statute was substantive, the court said:

> But this statute is not merely a regulation of procedure. With it or without it the main action takes the same course. However, it creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes beyond payment of what we know as "costs." If all the Act did was to create this liability, it would clearly be substantive. But this new liability would be without meaning and value in many cases if it resulted in nothing but a judgment for expenses at or after the end of the case. Therefore, a procedure is prescribed by which the liability is insured by entitling the corporate defendant to a bond of indemnity before the outlay is incurred. We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device.[8]

AS 09.60.060 gives the defendant an option to require a nonresident plaintiff or a foreign corporate plaintiff to post an undertaking to secure the payment of costs and attorney's fees. If the option is exercised, all proceedings in the action must be stayed until an undertaking executed by sufficient sureties has been posted. The undertaking may be ordered to be increased, as proceedings progress, upon proof that the original amount is insufficient.

As in *Cohen*, the act creates a new right in the resident defendant and a new liability in the nonresident plaintiff which are separate and apart from, and go beyond, the procedure of computing and assessing costs and attorney's fees. These rights are substantial, since it is possible for costs and attorney's fees allowable under the Alaska Rules of Civil Procedure to amount to many thousands of dollars.

■ Appellant contends that appellee waived its right to require posting of security for costs and attorney's fees by failing to demand same before a defensive pleading was filed.

Appellant's statement of facts and argument do not furnish the court with the facts upon which he relies, nor is the court referred to any portion of the record which sustains appellant's statement that appellee

7. 337 U.S. 541, 555, 69 S.Ct. 1221, 1230, 93 L.Ed. 1528, 1541 (1949) ; see also Szantay v. Beech Aircraft Corp., 349 F. 2d 60, 63 (4th Cir. 1965). It is understood that this and other federal decisions cited herein are based on facts raising the question of whether the particular matter was procedural, thus permitting the federal court to apply federal rules of procedure under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), or whether substantive, requiring the application of state law. While the context in which the questions were raised was somewhat different than that in which the present question arose their reasoning in some instances is helpful and has a sound application to the facts before us.

8. United States District Court decisions, based on similar facts have held both ways. See Trophy Productions, Inc. v. Sperling, 17 F.R.D. 416 (S.D.Cal.1955), holding that a California statute requiring a nonresident plaintiff to post a $500 cost bond was procedural, distinguishing Cohen v. Beneficial Indus. Loan Corp.; and Keller Research Corp. v. Roquerre, 99 F.Supp. 964 (S.D.Cal.1951), holding that a California statute requiring the posting of a $500 bond by a plaintiff in a libel or slander suit was substantive, relying on Cohen v. Beneficial Indus. Loan Corp.; see also Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

filed "defensive pleadings" long before its motion for security was made. Under the circumstances the court will not attempt to consider this point on appeal.[9]

The judgment is affirmed.

---

9. Alaska State Housing Authority v. Contento, 432 P.2d 117, 123 (Alaska 1967); Stansberry v. Manson, 420 P.2d 449, 451 (Alaska 1966).

