**Ralph G. HESS, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. S–8876.

Supreme Court of Alaska.

April 13, 2001.

Darrel J. Gardner, Assistant Public Advocate, and Brant McGee, Public Advocate, Anchorage, for Petitioner.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, and CARPENETI, Justices. [BRYNER, Justice, not participating.].

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

Ralph Hess was charged with sexually assaulting H.W. When he raised the defense of consent, Alaska Rule of Evidence 404(b)(3) permitted the state to call A.R. to testify that Hess had previously had nonconsensual sex with her. The superior court denied Hess's request that the jury be told that another jury had acquitted him of sexually assaulting A.R. Because we conclude that the evidence of that acquittal was relevant and not hearsay, that its potential for confusion did not outweigh its potential probative value, and that its exclusion prejudiced Hess, we reverse and remand for a new trial.

## II. FACTS AND PROCEEDINGS

Hess had sex with H.W. near Kotzebue on October 9, 1994. After H.W. reported that she had not consented, Hess was charged with first-degree sexual assault and kidnaping.

Before trial, in anticipation of Hess's consent defense, the state filed notice that it intended to offer evidence, per Alaska Rule of Evidence 404(b)(1), (2), and (3), that Hess previously had sexually assaulted A.R. Hess responded by requesting a limiting instruction on the use of this evidence; the instruction would have told the jury that a jury had acquitted Hess of first-degree sexual assault in the A.R. case. The state did not object to informing the jury of the prior acquittal, but asked for permission to introduce evidence that the jury in the A.R. case had convicted Hess on a lesser alternative charge, sexual abuse of a minor. The superior court denied both requests and ordered that "neither evidence of the acquittal nor evidence of the conviction on the lesser charge [will] come in before the jury."

Hess testified that H.W. had consented to have sex with him. The state then called A.R. to rebut Hess's defense that H.W. had consented. A.R. testified that Hess had sexually assaulted her while she was staying at his home in Kotzebue.

The jury convicted Hess of kidnaping and one count of first-degree sexual assault, but acquitted him of a second count of first-degree sexual assault.

Hess appealed. The court of appeals affirmed the superior court's refusal to tell the jury of the verdicts in the prior case.[1] It stated that "Hess wished to introduce the previous jury's verdict as evidence that he was factually innocent of having sex with A.R. against her will."[2] The court of appeals reasoned that "the prior acquittal did not establish that Hess was factually innocent, but only that the jury was not convinced beyond a reasonable doubt."[3] It concluded that Hess's prior acquittal had little relevance.[4] It also noted that, "offered for the purpose of establishing Hess's factual innocence, the prior jury's verdict was hearsay."[5]

Hess filed a petition for hearing. We granted his petition to consider whether he should have been allowed to show that he had been acquitted of the prior sexual assault charge.

## III. DISCUSSION

### A. Standard of Review

We review questions of law presented by the superior court's evidentiary rulings de novo.[6] When interpreting a statute or rule, we adopt "the rule of law that is most persuasive in light of precedent, reason, and policy."[7] But we will not overturn a trial court's evidentiary rulings that do not present questions of law, except for abuse of discretion.[8]

Hess asks for de novo review. The state urges us to review for abuse of discretion; it claims that other courts review for abuse of discretion and that Hess conceded that the trial court has discretion to admit such evidence.

Whether a trial court may take judicial notice of a defendant's acquittal of properly introduced other-act evidence and instruct a jury about that acquittal is a question of law which we review de novo. If the law permits such an instruction, we must consider whether the superior court abused its discretion by declining to inform the jury of Hess's acquittal.

1. See *Hess v. State*, Mem. Op. & J. No. 3906 at 21 (Alaska App., November 4, 1998).

2. *Id.* at 15.

3. *Id.* at 15–16.

4. See *id.*

5. *Id.* at 16.

6. See *Smithart v. State*, 988 P.2d 583, 586 (Alaska 1999).

7. *Id.* (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

8. See *M.R.S. v. State*, 897 P.2d 63, 66 (Alaska 1995).

B. *When the State Offers Evidence of a Prior Sexual Assault to Rebut a Consent Defense, Is Evidence of the Defendant's Acquittal of the Prior Assault Admissible?*

First-degree sexual assault requires evidence that the defendant (1) knowingly engaged in sexual intercourse, and (2) recklessly disregarded the victim's lack of consent.[9] Before 1994 the state could not prove a defendant's requisite mental state in sexual assault cases by introducing evidence of other acts tending to show that the defendant exhibited a propensity for reckless disregard of his victim's wishes.[10] But in 1994 the Alaska legislature expanded the admissibility of other-acts evidence in sexual assault prosecutions by amending Alaska Evidence Rule 404.[11] Alaska Evidence Rule 404(b)(3) now permits the prosecution to offer evidence of other sexual assaults or attempted sexual assaults if the defendant raises the defense of consent:

> In a prosecution for a crime of sexual assault in any degree, evidence of other sexual assaults or attempted sexual assaults by the defendant against the same or another person is admissible if the defendant relies on a defense of consent. In a prosecution for a crime of attempt to commit sexual assault in any degree, evidence of other sexual assaults or attempted sexual assaults by the defendant against the same or another person is admissible.

Congress in 1994 also amended the federal rule regarding admissibility of prior sexual assaults; the federal rule now allows evidence of similar offenses "for its bearing on any matter to which it is relevant." [12] As a general rule, evidence that a defendant committed a prior act is inadmissible for the purpose of proving the defendant's propensity to commit the act currently charged. The amended federal rule has been interpreted to be an exception to that general rule.[13] We adopt that interpretation for Alaska's corresponding evidence rule as amended in 1994. Accordingly, when evidence of a prior sexual assault is introduced under Alaska Evidence Rule 404(b)(3), we view the defendant's attempt to introduce evidence that he was acquitted of the prior assault as an attempt to show reasonable doubt about his propensity to disregard the new complainant's lack of consent.[14]

### 1. *Is evidence of an acquittal logically relevant?*

When the superior court declined to inform the jury of Hess's acquittal, it explained that Evidence Rule 404(b)(3) "does not presuppose a prior charge; it presupposes a prior

---

9.  *See* AS 11.41.410(a)(1); *Velez v. State*, 762 P.2d 1297, 1303 (Alaska App. 1988).

10.  *See Velez*, 762 P.2d at 1303–05.

11.  *See* ch. 116, § 2, SLA 1994, *amended by* ch. 63, § 22, SLA 1997; ch. 86, § 18, SLA 1998.

12.  Fed.R.Evid. 413(a).

13.  *See* 1 John W. Strong, ed., *McCormick on Evidence* § 190, at 669–70 (5th ed. 1999) [hereinafter *McCormick on Evidence*] ("Unlike the other purposes for other-crimes evidence, the sex-crime exception [in Rule 413] flaunts the general prohibition of evidence whose only purpose is to invite the inference that a defendant who committed a previous crime is disposed toward committing crimes, and therefore is more likely to have committed the one at bar."); *see also* Roger C. Park, *The Crime Bill of 1994 and the Law of Character Evidence: Congress Was Right About Consent Defense Cases*, 22 Fordham Urb. L.J. 271, 272 (1995) ("Common sense tells us that evidence of propensity to rape has probative value.").

14.  The issue here therefore differs from that in *Dowling v. United States*, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), which Hess's brief discusses at length. There the question was whether it was error to admit, over Dowling's objection, a witness's testimony that Dowling had, while armed with a handgun and wearing a mask, entered the witness's home some weeks before an armed, masked man committed the bank robbery for which Dowling was being tried. *See id.* at 343–45, 110 S.Ct. 668. The Supreme Court considered whether the woman's testimony was admissible, given that Dowling had been acquitted of the charges that resulted from his entry into her home and concluded that the testimony was admissible. *See id.* at 347–54, 110 S.Ct. 668. Here, however, the issue is not whether A.R.'s testimony about an earlier assault was admissible, but whether, after A.R. testified, Hess should have been allowed to offer evidence that he had been acquitted of sexually assaulting A.R.

incident" and that "the issue of conviction or acquittal is irrelevant under what's required of this rule."

Hess disputes the court of appeals's statement that he offered the acquittal for the purpose of proving that he was factually innocent of having non-consensual sex with A.R. He argues that the acquittal is relevant to the weight the H.W. jury gave A.R.'s testimony. The state argues that the relevance of an acquittal is limited to issues—double jeopardy and collateral estoppel—that are not material here. It asserts that an acquittal does not prove that the defendant was innocent, but merely establishes that the jury had reasonable doubt about the defendant's guilt.

Evidence must be relevant to be admissible.[15] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [16]

■ We agree that a defendant's acquittal of one charge is generally not relevant to prove factual innocence of the facts underlying that charge.[17] Such evidence is not relevant for that purpose because it proves only that the state did not prove every element of the crime beyond a reasonable doubt.[18]

■ But evidence of an acquittal may have an alternative purpose—to help the jury weigh the evidence of the prior act.[19] Even though the defendant's acquittal does not prove that he was innocent of the prior act, a jury may reasonably infer a greater probability of innocence from the fact of acquittal.[20]

Alaska's relevance definition allows evidence to be admitted if it has "any" tendency to make the existence of a material fact more or less probable.[21] One commentator explains the "minimal relevance" approach with an example of a fleeing suspect:

Fleeing the scene of a crime, for instance, could mean that the defendant, being conscious of the crime charged, actually is guilty; or it could mean that the defendant is innocent but fled to avoid being apprehended for some other reason entirely. However, the premise that, in general, people who flee are more likely to be guilty than those who do not is at least plausible, and as long as there is some plausible chain of reasoning that leads to the desired conclusion, the evidence is probative of that conclusion.[22]

Thus, although the acquittal does not prove that Hess was innocent of the prior charge, the H.W. jury might plausibly have reasoned that the fact of the acquittal made it less likely that Hess recklessly disregarded A.R.'s wishes. It might also plausibly have reasoned that the fact of the acquittal made it less likely that Hess had a propensity to recklessly disregard a companion's lack of consent. The jury therefore might also plausibly have reasoned that the fact of the acquittal made it less likely that Hess recklessly disregarded H.W.'s wishes. Hess's acquittal was therefore relevant.

### 2. Is evidence of the acquittal inadmissible hearsay?

The superior court did not exclude evidence of Hess's acquittal on hearsay

---

15. See Alaska R.Evid. 402.

16. Alaska R.Evid. 401.

17. See, e.g., United States v. De La Rosa, 171 F.3d 215, 219 (5th Cir.1999); United States v. Marrero–Ortiz, 160 F.3d 768, 775 (1st Cir.1998); State v. Tolman, 121 Idaho 899, 828 P.2d 1304, 1311 (1992); Eatherton v. State, 810 P.2d 93, 100–01 (Wyo.1991).

18. See De La Rosa, 171 F.3d at 219.

19. See People v. Griffin, 66 Cal.2d 459, 58 Cal. Rptr. 107, 426 P.2d 507, 510 (1967) (stating that "the better rule allows proof of an acquittal to

weaken and rebut the prosecution's evidence of the other crime"); Nolan v. State, 213 Md. 298, 131 A.2d 851, 857 (1957) (holding that prior acquittal was admissible for sole purpose of affecting weight of evidence against accused).

20. See Griffin, 58 Cal.Rptr. 107, 426 P.2d at 511 n. 3 (stating that evidence of acquittal is not as convincing of innocence as judgment of conviction is convincing of guilt, but that fact goes to weight not admissibility of evidence).

21. See Alaska R.Evid. 401.

22. 1 McCormick on Evidence, supra note 13, § 185, at 642–43.

grounds. But the court of appeals discussed hearsay as an alternative ground for exclusion.[23]

Hess asserts that hearsay does not preclude admission and challenges the legal authority cited by the court of appeals. The state argues that evidence of the acquittal is hearsay and does not fall within any hearsay exception.

Alaska Rule of Evidence 802 provides that hearsay is not admissible. Alaska Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[24] If offered for the purpose of challenging the weight of A.R.'s testimony, the only purpose for which it is relevant, notice or evidence of his acquittal is not hearsay.

■ An acquittal is an act that has legal effect, much like the classic example of a contract that is formed out of court, but which is not hearsay.[25] Such "statements" are not testimonial, but are acts to which the law attaches legal significance.[26] Evidence of an acquittal has legal significance. It shows that a jury harbored reasonable doubt about at least one element of a crime.[27] The prior acquittal does not prove the "truth" of the historical facts of the first case; it proves only that the previous jury did not find that the state proved all elements of the crime beyond a reasonable doubt.

The court of appeals relied on our decision in *Spenard Action Committee v. Lot 3, Block 1, Evergreen Subdivision.*[28] There we adopted the policy articulated in the Alaska Evidence Rules commentary against admitting criminal judgments.[29] The commentary explains:

> If a judgment of guilty in a criminal case, which follows proof beyond a reasonable doubt, is to have impact in subsequent cases, the impact should be by way of collateral estoppel, not by admitting the previous judgment. The judgment tells the second trier of fact nothing; that trier will either disregard it or defer to it, neither of which tactic is intended by the Federal Rule.... But the fact remains that the trier of fact in the second case cannot know how to use the first finding. There is no reason to adopt a rule that can only confuse the trial process.[30]

The court of appeals also discussed *F.T. v. State.*[31] There we held that the trial court erred when it took judicial notice of previous domestic violence restraining orders to find that a child's father had a history of violence.[32] We did not discuss hearsay, but concluded that the trial court erred by taking notice of facts alleged in court records.[33]

At first glance, *Spenard Action Committee, F.T.,* and the commentary suggest that acquittals, like convictions, usually should not be excepted from the general rule that they are inadmissible hearsay.

But this case differs from those cases and does not conflict with the policy the commentary expresses. In *Spenard Action Committee,* the proponent attempted to establish the historical facts of the case at bar—namely that the business was a house of prostitution—by introducing evidence that a non-party employee of that business had been

---

**23.** *See Hess v. State,* Mem. Op. & J. No. 3906 at 16–20 (Alaska App., November 4, 1998).

**24.** Alaska R.Evid. 801(c).

**25.** *See* 2 *McCormick on Evidence, supra* note 13, § 249, at 100.

**26.** *See id.*

**27.** *See De La Rosa,* 171 F.3d at 219.

**28.** 902 P.2d 766 (Alaska 1995), *cited in Hess v. State,* Mem. Op. & J. No. 3906 at 16.

**29.** *See Spenard Action Comm.,* 902 P.2d at 780. Unlike the Federal Rules of Evidence, the Alaska Rules of Evidence do not contain a hearsay exception for criminal convictions. *Compare* Alaska R.Evid. 803 *with* Fed.R.Evid. 803(22).

**30.** Alaska R.Evid. 803 commentary at 571 (2000).

**31.** 862 P.2d 857 (Alaska 1993).

**32.** *See id.* at 863–64.

**33.** *See id.* at 864.

convicted of assignation in an earlier case.[34] And, like the proponent in *Spenard Action Committee*, the trial court in *F.T.* impermissibly attempted to establish the historical facts of a party's conduct by adopting facts from an unrelated court proceeding. Similarly, the Alaska Evidence Rules commentary addresses evidentiary uses of a criminal judgment to establish the historical facts of underlying conduct, or to bar an issue through the use of collateral estoppel.

██ The state here introduced evidence that Hess had sexually assaulted A.R. in order to show his "subjective awareness of [H.W.'s] response to the sexual activity which [was] taking place." The state explained that "[e]vidence of Hess' prior sexual assaults is directly relevant.... Proof that Hess has [in the] past ... disregarded the lack of consent expressed by his sexual partners is highly probative evidence that in this case, Hess was willing to ignore the risk that H.W. had not given her consent...." Thus, as Hess asserted, the state intended to use evidence of his conduct with A.R. to prove his propensity to disregard H.W.'s alleged lack of consent. The acquittal was therefore more important for its bearing on the inference of propensity to be drawn in assessing his conduct with H.W. than for its bearing on the historical facts of his conduct with A.R.

True, the acquittal also implies that Hess did not sexually assault A.R. But rebutting evidence of a defendant's propensity to commit the present act differs from attempting to establish or challenge the defendant's actual prior conduct. Therefore, *Spenard Action Committee*, *F.T.*, and the Alaska Evidence Rules commentary did not make evidence of Hess's acquittal inadmissible.

The state also cites several federal opinions to support its argument that the prior acquittal is inadmissible hearsay. But those cases address hearsay in terms of collateral estoppel, and do not present independent reasons for exclusion.[35]

██ As evidence of historical facts, evidence of what other jurors believed in a prior criminal case is unreliable.[36] But the reliability problem does not exist when a defendant is not trying to establish historical facts, but merely the fact of the acquittal itself. The evidence reliably reflects the fact of acquittal. A court thus may take judicial notice of the fact of an acquittal under Alaska Rule of Evidence 201(b)(2), as implicitly requested here. Or it may allow evidence of the acquittal to be introduced as a hearsay exception under Alaska Rule of Evidence 803(8) because the acquittal is a matter of public record.[37]

3. *Was the evidence more prejudicial than probative?*

██ The superior court declined to inform the jury of Hess's prior acquittal partly because it reasoned that the jury would be confused. It was concerned about instructing the jury on the different proof standards. The A.R. jury applied the "beyond a reasonable doubt" standard in reaching its verdict, but the H.W. jury only had to apply the "preponderance" standard in deciding whether to accept A.R.'s prior-act testimony at the H.W. trial. The court noted that it "expressed [its own] confusion there." The court also noted that if the acquittal were admitted into evidence, Hess's conviction of the lesser charge of sexual abuse of a minor would be admitted, creating more confusion.

Hess argues that informing the jury of the acquittal would have been neither confusing

---

**34.** *See Spenard Action Comm.*, 902 P.2d at 778. Although couched in hearsay terms, we note that this issue is virtually the same as the relevance issue discussed in Part III.B.

**35.** *See De La Rosa*, 171 F.3d at 219; *United States v. Thomas*, 114 F.3d 228, 249–50 (D.C.Cir. 1997); *Prince v. Lockhart*, 971 F.2d 118, 122 (8th Cir.1992); *United States v. Jones*, 808 F.2d 561, 566–67 (7th Cir.1986); *United States v. Viserto*, 596 F.2d 531, 536–37 (2d Cir.1979).

**36.** *See De La Rosa*, 171 F.3d at 219; *cf. Spenard Action Comm.*, 902 P.2d at 780 (holding that criminal conviction of non-party as evidence of fact inadmissible).

**37.** *See Griffin*, 58 Cal.Rptr. 107, 426 P.2d at 510–11.

nor misleading. He asserts that an acquittal is easily understood and has a clear meaning as a verdict of "not guilty." Hess also argues that informing the jury of his acquittal would alleviate the extreme prejudice of the propensity evidence, and that therefore its probative value outweighs any potential confusion. The state responds that the acquittal has limited, if any, probative value, and that the superior court minimized any risk of unfair prejudice caused by A.R.'s testimony by instructing the jury that A.R.'s testimony was relevant only to the issue whether the defendant recklessly disregarded H.W.'s lack of consent.[38]

Alaska Evidence Rule 403 permits a trial court to exclude relevant evidence if the danger of confusing the issues or misleading the jury outweighs its probative value. The admissibility of a prior acquittal has been held to be a matter within the trial court's discretion, and therefore a case-specific analysis is needed to compare the potential prejudice and probative value of the evidence.[39]

Most jurisdictions, including Alaska before the legislature enacted Rule 404(b)(3), have considered propensity evidence to be so prejudicial that they exclude it by rule.[40] And prior acts of sexual assault were considered so prejudicial as evidence of propensity that they were previously "absolutely precluded" as evidence of a defendant's reckless disregard, despite their undoubted relevance.[41] The legislature's 1994 policy determination

that this evidence can be offered to rebut a defense of consent[42] does not mean that its admission is no longer prejudicial.

But the question is not whether A.R.'s testimony should have been excluded because it potentially prejudiced Hess. The question is whether any prejudice created by informing the jury of Hess's acquittal outweighs its probative value to Hess.

The different verdicts in the A.R. trial make Hess's acquittal particularly probative. The A.R. jury acquitted Hess on the charge of first-degree sexual assault,[43] but convicted him on the lesser alternative charge of first-degree sexual abuse of a minor.[44] The guilty verdict meant that the jury found that Hess had sexually penetrated A.R. and that A.R. was less than sixteen years old.[45] A sexual assault conviction would have required the jury to find that Hess had knowingly sexually penetrated A.R. with reckless disregard for her lack of consent.[46] Although Hess denied penetrating A.R., the A.R. jury must have disbelieved his denial because it convicted him on the lesser alternative charge. Therefore, in acquitting him of first-degree sexual assault, the A.R. jury must have decided that the state failed to prove beyond a reasonable doubt either that Hess recklessly disregarded A.R.'s lack of consent or that A.R. did not consent to have sex with Hess. And it may have found that the state failed to prove both of those things. Thus, the peculiar circumstances here make the acquittal on

---

**38.** The superior court gave the following instruction to the jury after A.R. testified:

> You the jury may not consider this evidence of prior sexual assault unless you reasonably conclude (1) that the act occurred and (2) the defendant was the actor. If you so conclude then you are to determine what weight, if any, to give to this evidence. You are specifically instructed that this evidence shall only be considered for the purposes for which it is admitted. It is relevant only as to whether the defendant recklessly disregarded H.W.'s lack of consent.

**39.** *See, e.g., Eatherton,* 810 P.2d at 100–01 (holding that introduction of acquittal is within sound discretion of trial judge, based on finding of relevance and following probative/prejudicial balancing test); *Griffin,* 58 Cal.Rptr. 107, 426 P.2d at 510–11 (holding that acquittal was relevant, not hearsay, and more probative than prejudicial "by assisting the jury in its assessment of

the significance of the evidence of another crime with the knowledge that at another time and place a duly constituted tribunal ... concluded that [the defendant] was not guilty").

**40.** *See, e.g.,* former Alaska R.Evid. 404(a) & (b) (1993).

**41.** *See Velez,* 762 P.2d at 1303–04.

**42.** *See* ch. 116, § 2, SLA 1994, *amended by* ch. 63, § 22, SLA 1997; ch. 86, 18, SLA 1998.

**43.** *See* AS 11.41.410(a)(1).

**44.** *See* AS 11.41.434(a)(3).

**45.** *See id.*

**46.** *See* AS 11.41.410(a)(1); *Velez,* 762 P.2d at 1303.

the sexual assault charge potentially useful in deciding whether Hess had a propensity to recklessly disregard a companion's wishes. The acquittal was therefore potentially useful in deciding whether he recklessly disregarded H.W.'s lack of consent.

Evidence of a prior acquittal may cause confusion if the jury takes it as proof that the defendant is "innocent" of the prior charge, rather than as evidence that reasonable doubt existed as to at least one element of the acquitted charge.[47] But a high risk of unfair prejudice may outweigh the risk of confusion,[48] and a jury instruction explaining the requisite levels of proof may minimize the risk of confusion.[49]

Because we think that the acquittal had substantial probative value to Hess, that its exclusion hampered his ability to respond to A.R.'s propensity evidence testimony, and that any undue prejudice its admission would cause the state could be avoided or minimized by appropriate instructions, we conclude that it was error not to inform the jury of Hess's acquittal.

### 4. *Did the error prejudice Hess?*

▪ We will not reverse a conviction for an evidentiary error if the error is harmless.[50] In *Worthy v. State*[51] the superior court erred in excluding evidence under Alaska Evidence Rule 403. The excluded evidence challenged the truth of the complaining witness's allegation that another man had raped her on an earlier occasion.[52] We reversed Worthy's conviction because the state made the complainant's testimony about the prior rape an "integral part of its case" against Worthy and because the excluded

testimony "might have substantially affected the jury's verdict."[53]

▪ Likewise, the state made A.R.'s testimony an "integral part" of its case against Hess in the H.W. case. In its opening argument the state asserted:

[I]n rebuttal testimony a witness will be testifying, a young girl by the name of [A.R.]. She will be testifying about a nonconsensual sexual encounter that she had with Mr. Hess in June of 1994 and how she too was in a situation where she was begging and crying for Ralph Hess not to have sex with her and that those cries, as [H.W.'s] cries, were ignored.

. . . .

The only issue before you can be summed up in one word, consent.

The state referred to A.R.'s testimony three times in its closing argument:

And last but certainly not least, ladies and gentlemen, don't forget the testimony of [A.R.] when you're thinking about this man's ability to disregard completely what a woman is trying to communicate to him. [A.R.] testified clearly about what she went through at the hands of Ralph Hess.

Trying to pull her shorts up, trying to cry, trying to tell him to stop, begging him to stop, going to a bedroom to get away from him. Trying to hold her legs together while he's trying to pry them apart. With him trying to stick his penis into her vagina while she's squirming and trying to get away from him. None of this, ladies and gentlemen, mean[s] a thing to this man. This man regards the consent of the

---

**47.** *See Eatherton,* 810 P.2d at 100–01 (holding that refusal to allow evidence of prior acquittal of sexual assault not abuse of discretion because it could have misled jury and confused issues; defendant failed to argue how trial court abused its discretion).

**48.** *See State v. Smith,* 271 Or. 294, 532 P.2d 9, 11–12 (1975).

**49.** *See, e.g., Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

**50.** *See* Alaska R.Civ.P. 61 ("No error in either the admission or the exclusion of evidence … is ground for granting a new trial or for setting

aside a verdict … unless refusal to take such action appears to the court inconsistent with substantial justice."); *see also Worthy v. State,* 999 P.2d 771, 775 (Alaska 2000) (holding refusal to allow testimony on alleged falsity of victim's prior accusation of rape reversible error when state relied on prior accusation as central part of its case).

**51.** 999 P.2d 771 (Alaska 2000).

**52.** *See id.* at 773.

**53.** *Id.* at 775.

women he has sex with as ... completely irrelevant. When you're thinking about this, think about [A.R.].

. . . .

Mr. Holmes asked you to ignore [A.R.] Well he would like to have you ignore [A.R.], Ralph Hess would like to have you ignore [A.R.]. But you can't ignore [A.R.] because [A.R.] corroborates what [H.W.] told you about what happened in that Bronco and how Ralph Hess recklessly disregarded her lack of consent.

[The defendant's attorney] says we don't have other evidence ... of what happened. Wrong, we have direct evidence because [A.R.] provides that direct evidence of how Mr. Hess handles himself in situations similar to that in which [H.W.] found herself on the morning of October 9th, 1994. Recklessly disregards lack of consent. That's what A.R. told you, that's direct evidence that you are entitled to rely upon and I urge you to rely on it in this case.

. . . .

[Hess is] [s]omeone we know [who] will come in and recklessly disregard a woman's lack of consent. Use of force to remove clothes, spread legs, to insert his penis into the vagina of unfortunate victims who he's raped.

The state relied on A.R.'s testimony and made it an important part of its case at the second trial. The state argued that the only issue was H.W.'s lack of consent; to establish Hess's reckless disregard for H.W.'s lack of consent, the state relied on A.R.'s testimony that A.R. did not consent. And it urged the jury to do the same. But if the second jury had known that the first jury had reasonable doubt about whether Hess recklessly disregarded A.R.'s lack of consent or whether A.R. did not consent, the second jury might also have had reasonable doubt about whether Hess recklessly disregarded H.W.'s wishes.

The error may have substantially affected the verdict. Because we cannot say that the error was harmless, exclusion requires rever-

sal of Hess's conviction and remand for retrial.[54]

## IV. CONCLUSION

For these reasons, we REVERSE Hess's conviction and REMAND for a new trial.

**54.** Having ruled that it was error to refuse to inform the jury of the prior acquittal, we need not consider Hess's alternative argument that the acquittal should have been introduced "to avoid unconstitutional fundamental unfairness."