# In the Supreme Court of the State of Alaska

State of Alaska,⁣ )
⁣ )
⁣ ) Supreme Court No. **S-14486**
Appellant,⁣ )
⁣ )
v.⁣ ) **Order**
⁣ ) Petition for Rehearing
⁣ )
John Doe A and John Doe B,⁣ )
⁣ )
⁣ )
Appellees.⁣ ) Date of Order: **4/10/2013**
⁣ )

Trial Court Case # **3AN-10-12131CI**

Before:  Fabe, Chief Justice, Winfree and Maassen, Justices, and Matthews and Eastaugh, Senior Justices.* [Carpeneti, Senior Justice, Stowers and Bolger, Justices, not participating.]

On consideration of the Appellant's Petition for Rehearing filed on 3/20/13, and the Appellees' Response filed on 3/29/13,

IT IS ORDERED:

The Petition for Rehearing is DENIED IN PART and GRANTED to the following extent: The text of footnote 32 on page 8 of the court's opinion has been modified to read:

> *Doe I* controls the outcome of this case absent compelling reasons to overrule that decision. In its briefing, the State argues that *Doe I* was wrongly decided. Because the State has not convinced us that more good than harm would result from a departure from precedent, *see May v. State, Commercial Fisheries Entry Comm'n*, 168 P.3d 873, 884 (Alaska 2007), we decline to overrule our decision in *Doe I*.

---

\*    Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

*State v. John Doe A and John Doe B*
Supreme Court No. S-14486
Order of 4/10/13
Page Two


Entered by the direction of the court.


Clerk of the Appellate Courts


Marilyn May


cc:   Supreme Court Justices
Judge Pfiffner
Trial Court Appeals Clerk
Publishers (Opinion 6758 - March 15, 2013)

Distribution:

Eric Ringsmuth
OSPA
310 K St Ste 308
Anchorage AK 99501

Darryl L Thompson
Law Office of Darryl L Thompson PC
841 I Street
Anchorage AK 99501

*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | Supreme Court No. S-14486 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-12131 CI |
| | ) | |
| JOHN DOE A and JOHN DOE B, | ) | O P I N I O N |
| | ) | |
| Appellees. | ) | No. 6758 – March 15, 2013 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions & Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellant. Darryl L. Thompson, Darryl L. Thompson, P.C., Anchorage, for Appellees.

Before: Fabe, Chief Justice, Winfree and Maassen, Justices, and Matthews and Eastaugh, Senior Justices.* [Carpeneti and Stowers, Justices, not participating.]

PER CURIAM.

## I.    INTRODUCTION

John Doe A and John Doe B were convicted of criminal offenses that required them to register and comply with Alaska's Sex Offender Registration Act

---

\*       Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

(ASORA). Following their convictions, the legislature amended ASORA, requiring certain offenders, including both John Does, to comply with additional registration requirements. The John Does sued, claiming that retroactive application of ASORA's amendments to them violated the Ex Post Facto Clause of the Alaska Constitution. The superior court agreed, and the State appealed.

In 2008 we held in *Doe v. State* (*Doe I*), a two-to-one decision, that ASORA's amendments violated the Ex Post Facto Clause and do not apply to persons who committed their crimes before the amendments became effective.[1] Two years later we promulgated Alaska Appellate Rule 106, which provides that any issue decided by a two-to-one vote shall not have precedential effect.[2] When we promulgated Appellate Rule 106 we were silent on the question whether that rule might have retroactive effect. We now hold that our two-to-one decision in *Doe I* is binding precedent that controls the outcome of this case because Appellate Rule 106 does not have retroactive application.

## II.     FACTS AND PROCEEDINGS

In 1994 the Alaska Legislature enacted ASORA, which required convicted sex offenders to register with the Alaska Department of Corrections, the Alaska State Troopers, or local police.[3] ASORA went into effect in August 1994.[4]

John Doe A was convicted of a single aggravated sexual offense for an act committed in 1995. Because of his conviction, Doe A was required to register annually

---

[1]     *Doe v. State*, 189 P.3d 999, 1000 (Alaska 2008).

[2]     Alaska Supreme Court Order No. 1742 (Nov. 10, 2010); Alaska R. App. P. 106(b) (2010).

[3]     Ch. 41, §§ 1-14, SLA 1994.

[4]     *Id.*

as a sex offender for 15 years.[5] John Doe B was convicted of a misdemeanor attempt to commit a sexual offense for conduct that occurred in 1996. Doe B's conviction required him to register annually as a sex offender for 15 years.[6] On the dates both men were convicted, ASORA required them to provide certain information including name, address, place of employment, date of birth, date and nature of conviction, alias used, and driver's license number.[7]

After both men were convicted, the Alaska Legislature amended ASORA. Amendments passed in 1998 required certain sex offenders to register quarterly, instead of annually, and increased registration periods for certain sex offenders to lifetime registration.[8] The amendments also required sex offenders to provide additional information, including information about mental health treatment.[9] Subsequent amendments required sex offenders to provide email addresses, instant messaging addresses, and other "[i]nternet communication identifier[s]" and expressly authorized the Department of Public Safety to publish certain information on the internet.[10] Because he was convicted of an aggravated sex offense, John Doe A was subject to the new quarterly and lifetime registration requirements. Additionally, both John Does were required to provide additional information under the amended law.

---

[5]     Former AS 12.63.010(d) (1995); former AS 12.63.020(a)(2) (1995).

[6]     *Id.*

[7]     Former AS 12.63.010(b)(1) (1995).

[8]     Ch. 106, §§ 10, 12, SLA 1998.

[9]     Ch. 106, § 8, SLA 1998.

[10]     Ch. 14, § 12, SLA 2006; ch. 42, § 3, SLA 2008.

John Doe A and John Doe B sued, claiming that, because their convictions occurred before ASORA was amended, applying the amended registration and information requirements to them violated the Ex Post Facto Clause of the Alaska Constitution.[11] The John Does sought a declaratory judgment and an injunction prohibiting the new requirements from being applied to them. The parties agreed to treat the John Does' motion for a preliminary injunction as a motion for summary judgment. The State filed a cross-motion for summary judgment, arguing that ASORA was not punitive and that retroactive application therefore did not violate the Ex Post Facto Clause.

The superior court concluded that ASORA was punitive and that "retroactive application of any amendments that extend [the John Does'] registration period or increase re-registration frequency violate[d]" the Ex Post Facto Clause. But the superior court also concluded that amendments requiring disclosure of additional personal information and directing that information be made available on the internet were "administrative and nonpunitive" when applied to offenders who were already subject to ASORA's reporting requirements. The superior court therefore concluded that these administrative amendments did not violate the Ex Post Facto Clause.

The State appeals the superior court's ruling that retroactive application of amendments increasing registration frequency and duration violate the Ex Post Facto Clause. The John Does do not appeal any part of the superior court's ruling.[12]

---

[11]    Alaska Const. art. I, § 15.

[12]    In their brief, the John Does suggest that the superior court erred in concluding that requiring them to disclose additional information and publishing their information on the internet did not violate the Ex Post Facto Clause. But we have "consistently held that failure to file a cross-appeal waives the right to contest rulings below." *Peterson v. Ek*, 93 P.3d 458, 467 (Alaska 2004) (citing cases). Consequently,

(continued...)

## III. STANDARD OF REVIEW

We apply our independent judgment to questions of law.[13] We will adopt "the rule of law which is most persuasive in light of precedent, reason, and policy."[14]

## IV. DISCUSSION

### A. Our Decision In *Doe I* Is Binding Precedent.

We have decided this issue before. In *Doe I*,[15] we concluded that ASORA was punitive, and that its retroactive application therefore violated the Ex Post Facto Clause of the Alaska Constitution.[16] This case deals with an amendment extending the length and increasing the frequency of registration, while *Doe I* dealt with ASORA itself. But as the superior court said in this case, "[r]egistration is the fundamental obligation for convicted sex offenders under ASORA. That obligation triggers all other obligations under the Act. If ASORA is punitive in effect, any extension of ASORA's registration frequency and period increases that punishment and 'makes more burdensome the punishment for a crime.' " The State, however, argues that *Doe I* is not binding precedent because it was decided by a two-to-one majority.

Although we have not expressly addressed the question whether a two-to-one majority decision of our court creates binding precedent, our case law illustrates how two-to-one decisions, though uncommon, have been given de facto recognition as

---

[12](...continued)
we decline to address this argument.

[13] *Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991) (citing *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

[14] *Id.*

[15] 189 P.3d 999 (Alaska 2008).

[16] *Id.* at 1019.

binding precedent. In *Worthy v. State*, at a time when the full court normally consisted of five members,[17] we decided an evidentiary issue in a criminal case by a two-to-one majority.[18] Subsequently, in *Loncar v. Gray*, we cited the majority decision in *Worthy* to support our statement that "[u]nder our case law, a party may open the door to evidence on a subject by putting that subject at issue in the case."[19] We then distinguished the facts in *Loncar* from those in *Worthy*.[20] At no point in our discussion did we suggest that *Worthy* was anything other than binding precedent. Similarly, in *Hess v. State*, we analyzed the case based on the rule of law established in *Worthy*.[21] We repeated language from *Worthy* in explaining how the two cases were conceptually identical.[22] In other words, we treated *Worthy* as binding precedent. This reliance indicates that after the court's membership increased to five, we have at least tacitly treated two-to-one decisions as precedential.[23]

---

[17] When Alaska became a state, this court comprised three justices. Alaska Const. art. IV, § 2. The legislature increased the membership of justices on the court to five on December 1, 1968. Ch. 83, § 1, SLA 1967.

[18] 999 P.2d 771 (Alaska 2000).

[19] 28 P.3d 928, 932 n.7 (Alaska 2001).

[20] *Id.* at 932.

[21] 20 P.3d 1121, 1129-30 (Alaska 2001).

[22] *Compare Worthy*, 999 P.2d at 775 ("Because the state made [a witness's] testimony . . . an integral part of its case against Worthy, [potentially contradictory] testimony might have substantially affected the jury's verdict."), *with Hess*, 20 P.3d at 1129 (partially quoting the above and continuing "[l]ikewise, the state made A.R.'s testimony an 'integral part' of its case against Hess in the *H.W.* case").

[23] Similarly, our two-to-one decision in *Doe I* was subsequently treated as binding precedent by the Alaska Court of Appeals. *See Holden v. State*, 190 P.3d 725,
(continued...)

The State correctly points out that we have, on a number of occasions, concluded that two-to-two decisions have no precedential value.[24] But we have explained that a two-to-two decision does not create binding precedent because it lacks a majority position. In *City of Kenai v. Burnett*, we recognized that because we were "evenly divided," the "particular issue of law . . . remain[ed] undecided."[25] The ruling of the trial court was thus affirmed "because 'that which has been done [by the trial court] must stand unless reversed by the affirmative action of a majority.' "[26] More recently, in *In re Adoption of Erin G.*,[27] we discussed the lack of precedential value of *In re Adoption of T.N.F.*,[28] an earlier case in which two of the four participating justices agreed that Alaska's one-year statute of limitations applied to claims brought under § 1914 of the Indian Child Welfare Act. One justice concurred in the result in *T.N.F.* without discussing the merits of the statute of limitations question,[29] and one justice

---

[23](...continued)
732 (Alaska App. 2008) ("[T]he supreme court's recent decision in *Doe* — *i.e.*, the decision that sex offender registration is a 'punishment' for purposes of our state constitution's *ex post facto* clause — means that the superior court's decision in Holden's case was wrong.").

[24]    *See, e.g.*, *Evans ex rel. Kutch v. State*, 56 P.3d 1046, 1070 n.140 (Alaska 2002) (citing *Ward v. Lutheran Hosps. & Homes Soc'y of Am., Inc.*, 963 P.2d 1031, 1037 n.11 (Alaska 1998)); *City of Kenai v. Burnett*, 860 P.2d 1233, 1239 n.11 (Alaska 1993).

[25]    860 P.2d at 1239 & n.11.

[26]    *Id.* (quoting *Hertz v. Woodman*, 218 U.S. 205, 212 (1910)).

[27]    140 P.3d 886, 890 (Alaska 2006).

[28]    781 P.2d 973, 981 (Alaska 1989).

[29]    *Id.* at 982-84 (Compton, J. concurring).

dissented.[30] We concluded in *Erin G.* that "[b]ecause a majority of *participating* justices in *T.N.F.* did not agree on any one ground for affirmance, we [would] not accord *T.N.F.* stare decisis effect."[31]

We now take the opportunity to expressly state that holdings by a two-to-one majority of this court have precedential effect if made before November 10, 2010, the date that Appellate Rule 106 was promulgated. Our decision in *Doe I* is thus binding precedent.[32]

## B. Appellate Rule 106

Appellate Rule 106(b) provides that "[i]n an appeal that is decided with only three of five supreme court justices participating, any issue or point on appeal that the court decides by a two-to-one vote is decided only for purposes of that appeal, and shall not have precedential effect."[33] As noted above, the rule went into effect

---

[30] *Id.* at 984-85 (Rabinowitz, J. dissenting).

[31] 140 P.3d at 890. It is also worth noting that in *Erin G.* we cited *Negri v. Slotkin*, 244 N.W.2d 98, 100 (Mich. 1976) — a prominent Michigan case holding that decisions of a minority of sitting justices who nevertheless constitute a majority of a quorum are binding precedent — in support of our decision to deny stare decisis where a majority of participating justices did not agree on any one ground for affirmance.

[32] *Doe I* controls the outcome of this case absent compelling reasons to overrule that decision. In its briefing, the State argues that *Doe I* was wrongly decided. Because the State has not convinced us that more good than harm would result from a departure from precedent, *see May v. State, Commercial Fisheries Entry Comm'n*, 168 P.3d 873, 884 (Alaska 2007), we decline to overrule our decision in *Doe I*.

[33] Alaska R. App. P. 106(b).

November 10, 2010,[34] more than two years after *Doe I* was decided.[35]

Based on Appellate Rule 106(b), the State argues that *Doe I* should not be treated as binding precedent. The John Does respond that Appellate Rule 106(b) was adopted following *Doe I* and that the rule should not be retroactively applied to nullify an opinion's precedential value. The John Does rely on this country's "deeply rooted presumption against retroactive legislation," AS 01.10.090,[36] and Alaska Administrative Rule 44(j)[37] for their argument that "a new [substantive] law may not be applied retroactively unless specifically intended." The John Does further argue that Appellate Rule 106(b) is substantive because it "change[s] the number of judges required to constitute a quorum needed to enter binding decisions and modify or enforce the rule of law."

The State responds that "the court rule at issue here is a rule of procedure" and that a "change in a rule of procedure is ordinarily applied retroactively." The State also argues that the post-adoption history of Appellate Rule 106 clearly indicates that we intended it be retroactive. The State finally argues that, because the John Does' case was filed after Appellate Rule 106(b) went into effect, it is not retroactive to apply the rule to their case.

---

[34]     Alaska Supreme Court Order No. 1742 (Nov. 10, 2010).

[35]     *Doe v. State*, 189 P.3d 999 (Alaska 2008).

[36]     "No statute is retrospective unless expressly declared therein." AS 01.10.090.

[37]     "The effective date for each rule change order shall be stated in the order. Normally, the effective date shall be the same as the publisher's distribution date, in order to provide adequate notice to those affected by the rule change." Alaska Admin. R. 44(j).

"[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."[38] And AS 01.10.090 provides that "[n]o statute is retrospective unless expressly declared therein."[39] But "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity."[40] Thus, whether Appellate Rule 106(b) applies retroactively depends on whether the rule is substantive or procedural and, if substantive, on whether we expressly declared that it would apply retroactively.

---

[38] *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994).

[39] In *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, the United States Supreme Court held that the Virginia Supreme Court was acting as a legislature when it adopted court rules. 446 U.S. 719, 731 (1980). Following on this, the John Does maintain that the regular rules for interpreting statutes apply also to court rules. The State makes no response to this argument. Nothing in the Rules of Administration suggests otherwise, nor is there anything in the Rules of Appellate Procedure, nor the Rules of Administration, which suggests a rule of interpretation contrary to AS 01.10.090. *See* Alaska Admin. R. 44(j); Alaska R. App. P. 521. We note further that Black's Law Dictionary defines "statute" as "[a] law passed by a legislative body; specif., legislation enacted by any lawmaking body, including legislatures, administrative boards, and municipal courts." BLACK'S LAW DICTIONARY 1542-43 (9th ed. 2009). Court rules fall comfortably within this definition. Finally, AS 01.10.090 appears to be little more than a codification of principle "deeply rooted in [American] jurisprudence." *Landgraf*, 511 U.S. at 265. Accordingly, we will apply AS 01.10.090 to interpret Appellate Rule 106(b).

[40] *Landgraf*, 511 U.S. at 275; *see also Matanuska Maid, Inc. v. State*, 620 P.2d 182, 187 (Alaska 1980) (holding that "mere procedural changes which do not affect substantive rights are not immune from retrospective application").

## 1.    Appellate Rule 106(b) is substantive.

To determine whether Appellate Rule 106(b) is retroactive, we turn first to whether the rule is substantive or procedural.  The John Does argue that Appellate Rule 106(b) is substantive because it "change[s] the number of judges required to constitute a quorum needed to enter binding decisions and modify or enforce the rule of law."  The John Does also assert that applying Appellate Rule 106(b) retroactively would unsettle established precedent.  The State responds that Appellate Rule 106(b) is procedural for two reasons:  first, it is a "Rule of Appellate *Procedure*," and second, "the rule only addresses procedural concerns (the number of justices necessary to establish the precedential effect of a decision)."

The State's arguments as to why Appellate Rule 106(b) is procedural are unpersuasive.  Although the State correctly points out that the rule is styled as a rule of appellate procedure, this is not dispositive.  Just as the State argued in the superior court that ASORA's placement in the criminal code does not necessarily make it punitive, Appellate Rule 106(b)'s placement in the Rules of Appellate Procedure does not necessarily make it procedural.  Our procedural rules contain provisions that are substantive in nature.  For example, in *State v. Native Village of Nunapitchuk*, we held that the public interest litigant exception to Alaska Civil Rule 82, which shields losing public interest litigants from adverse awards of attorney's fees, is substantive law.[41]

In *Ware v. City of Anchorage*, we stated that "substantive law creates, defines and regulates rights, while procedural law prescribes the method of enforcing rights."[42]  In *Nolan v. Sea Airmotive, Inc.*, we added to the *Ware* test, requiring courts to

---

[41]    156 P.3d 389, 403-04 (Alaska 2007).

[42]    *Id.* at 396 (quoting *Ware v. City of Anchorage*, 439 P.2d 793, 794 (Alaska 1968)).

focus on whether the statute or rule is primarily concerned with public policy or an effective and efficient system for the administration of justice.[43] Then, in *Pan Alaska Trucking, Inc. v. Crouch*, we concluded that "a change in a procedural rule is substantive in character where the change makes it appear to one just starting down the road to vindication of his cause that the road has become more difficult to travel or the goal less to be desired."[44]

Applying the principles from *Ware*, *Nolan*, *Pan Alaska Trucking*, and *Native Village of Nunapitchuk*, we conclude that the change to Appellate Rule 106(b) is substantive. Attorneys, litigants, and courts have relied on our two-to-one decisions made prior to the promulgation of Appellate Rule 106(b) as binding precedent. To retroactively remove the precedential value of these decisions would eliminate the rights created by these decisions. A change in the number of Supreme Court justices required to create binding precedent also does not primarily concern the effective and efficient administration of justice. On the contrary, a change to an Appellate Rule that necessarily changes the precedential value of rules of law established in our prior decisions primarily concerns public policy. For example, eliminating the precedential value of our *Doe I* decision would leave individuals convicted of sex offenses before the date that the legislature amended ASORA unsure about whether and for how long they must register as sex offenders.[45] This concerns a matter of policy that is extrinsic to judicial business.

---

[43]     *Id.* at 398 (citing *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1042-43 (Alaska 1981)).

[44]     773 P.2d 947, 949 (Alaska 1989).

[45]     *See Doe I*, 189 P.3d 999, 1019 (Alaska 2008) (concluding in a two-to-one decision that ASORA's registration, disclosure, and dissemination provisions violate the protection against ex post facto laws afforded by the Alaska Constitution as it applies to

(continued...)

Finally, removing the precedential value of our prior two-to-one decisions would affect the legal consequences of events for litigants who could no longer depend on previously settled law to advance their claims or defenses.

Thus, although the State argues that the number of justices required to make binding opinions "only addresses procedural concerns," the foregoing discussion shows the contrary. We conclude that Appellate Rule 106(b) is substantive.

### 2. In promulgating Appellate Rule 106(b), we did not expressly declare that it would apply retroactively.

Although substantive, Appellate Rule 106(b) may still be applied retroactively if we "expressly declared therein" that it applies retroactively when we promulgated the rule.[46] As the John Does point out, when we adopt a rule, "the effective date [is] specifically expressed in the order amending the rule."[47] The effective date on our order promulgating Appellate Rule 106 was November 10, 2010.[48] According to the John Does, this should end the inquiry as to our intent.

But the State points out that after Appellate Rule 106(b) was initially adopted, the question was raised as to whether it applied to decisions issued before December 1, 1968, when the court had only three justices.[49] In response to this concern,

---

[45](...continued)
defendants who committed their crimes before the legislature enacted ASORA).

[46]     AS 01.10.090.

[47]     *See* Alaska Admin. R. 44(j).

[48]     Alaska Supreme Court Order No. 1742 (Nov. 10, 2010).

[49]     The initial version of the rule stated: "In an appeal that is decided by three justices in the supreme court, any issue or point on appeal that the court decides by a two-to-one vote is decided only for purposes of that appeal, and shall not have

(continued...)

we considered proposed amendments to the rule to clarify this point. The proposal that we ultimately adopted changed the rule's language from "decided by three justices in the supreme court" to "decided with only three of five supreme court justices participating."[50] But we declined to answer the question of retroactivity within the language of the amended rule, choosing instead to wait for a case to come before us to clarify the issue.[51] The inferences drawn by the State as to our intent based on this decision certainly do not amount to an express declaration of retroactivity, and accordingly, Appellate Rule 106(b) does not have retroactive effect.

## V.   CONCLUSION

Because we conclude that Appellate Rule 106(b) is not retroactive and that *Doe I* is therefore binding precedent, which we decline to overrule, we AFFIRM the superior court's grant of summary judgment to the John Does.

---

[49](...continued)
precedential value." *See* Alaska Supreme Court Order No. 1742 (Nov. 10, 2010).

[50]     *See* Alaska Supreme Court Order No. 1759 (July 21, 2011).

[51]     We rejected two alternative proposals that would have resolved the question. The first proposal read: "This rule applies to decisions issued by the supreme court after December 1, 1968." The second read: "This rule applies to decisions issued by the supreme court after November 10, 2010."