The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Wenfred Joe REESE, a/k/a Michael
Smith, Defendant-Appellant.

No. 81CA0680.

Colorado Court of Appeals,
Div. III.

April 21, 1983.

Rehearing Denied May 12, 1983.

Certiorari Denied Oct. 11, 1983.

Robert R. Gallagher, Jr., Dist. Atty., Catherine DiSante, Deputy Dist. Atty., Littleton, for plaintiff-appellee.

Kripke and Epstein, P.C., Scott W. Lawrence, Denver, for defendant-appellant.

SILVERSTEIN *, Judge.

Defendant, Wenfred Joe Reese, appeals his conviction on multiple counts of aggravated robbery, second and third degree assault, and menacing. We affirm.

Defendant asserts the trial court erred in (1) failing to dismiss the charges based on the destruction of exculpatory evidence by the prosecution; (2) allowing the prosecution to exercise a peremptory challenge after it had accepted the jury; and (3) excusing for cause an otherwise impartial juror because her employer refused to pay her while she was on jury duty.

All charges stem from a single incident. Three masked men entered a supermarket through a rear delivery door after the store was closed to customers. The eleven members of the night crew were placed in an empty delivery truck, and were robbed of jewelry and cash. Some were also assaulted. Each of the suspects was armed with a handgun. The police, having been notified of the event, surrounded the store. Two of the suspects were spotted on the loading dock and, after a confrontation, one of the officers fired two shots at the suspects, who then ran back into the store.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

The officer followed the two into the store and noted a trail of blood, which led him to the defendant, who had a bullet wound in his thigh. One of the other men was captured and one escaped. Defendant was taken to a hospital where his clothing was removed and retained by the police. However, prior to trial, the clothing was lost.

At the trial several of the eyewitnesses testified as to the clothing worn by the three men. This testimony contained many conflicts, and none of the witnesses could identify the defendant.

Defendant's theory of the case was that defendant, although illegally in the store, was not one of the three robbers; that he was hiding behind a wall in the store when the shots were fired; and that he was wounded after one of the bullets passed through the wall of the store.

The theory relative to the bullet wound was refuted by evidence that the officer was using hollow-nosed bullets which shattered on impact, and that had the bullet which hit defendant passed through the wall before hitting defendant, his wound would have been more widespread than the actual wound that defendant received.

## I.

Defendant asserted that the lost clothing he was wearing on the night of the robbery did not match any of the clothing described by the eyewitnesses, was therefore exculpatory, and would prove his lack of connection with the robbers. He moved to dismiss the charges on the ground that defendant had been deprived of his due process rights. The trial court denied the motion to dismiss, but suppressed all mention by the prosecution of the lost clothing of defendant. Defendant contends that the suppression was an inadequate sanction. We disagree.

■ The People admit that the trial court properly applied the three-pronged test set forth in *People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980), in determining that defendant's due process rights were violated by the loss or destruction of de-

fendant's clothing, and assert that the sanction imposed was proper. The Supreme Court stated in *Morgan, supra:*

"This court has recognized a broad discretion in fashioning a proper remedy for the loss or destruction of evidence . . . . The responsibility of the trial court is to fashion an appropriate remedy which is no more restrictive than necessary to protect the defendant's right to due process."

*See also People v. Clements,* 661 P.2d 267 (Colo.1983).

In *Morgan* suppression of reference to the lost evidence by the prosecution was held to be a proper sanction, and it was the proper remedy here. The identity of defendant as one of the robbers was established beyond a reasonable doubt by unrefuted evidence wholly disassociated with clothing.

## II.

The defendant contends the trial court committed two errors in the selection of the jury: first, in excusing a juror for cause because her employer refused to pay her while she was on jury duty; and secondly, in permitting the prosecution to exercise a peremptory challenge after having accepted the jury "as presently constituted."

During *voir dire,* one prospective juror stated that she remembered the incident. Thereupon, all further questioning of that juror took place in chambers out of the presence of the other jurors. At this hearing, it developed that the juror's salary would not be paid while she served as a juror, and that this created a problem because of her financial condition. The court asked the prosecutor, "What is your position?" The prosecutor said that if she would have problems listening to the evidence he would have no objection to her being excused.

Defendant's attorney then pointed out that the defendant was placed in an unfair position in that if he objected to the juror's being excused, he would be faced with a hostile juror and would be forced to use a peremptory challenge on an otherwise acceptable juror. The court, while question-

ing whether the juror's problem was a proper ground to excuse her for cause, nevertheless determined that under the circumstances it was the proper procedure, and excused her on the ground that she could not pay proper attention to the evidence. The remaining jurors were not advised of the basis for the juror's being excused.

The problem relative to the peremptory challenge arose after the above incident. The record discloses that selection of the jury was nearly completed. The *voir dire* of a replacement juror had been finished, and the prosecutor was given the opportunity to exercise a peremptory challenge. Instead, he stated, "We accept this panel as presently constituted." Immediately thereafter, the prospective juror interrupted the proceedings and said, "In relation to possible reasons for excuse, I have something to bring up to you." He then explained that he would not get paid while on jury duty, and had financial responsibilities which he could not meet without being paid.

At proceedings in chambers, the court contacted the prospective juror's employer, who refused to alter his stance. The prosecutor stated he would not have accepted the juror had the excuse been timely presented. The court refused to excuse the juror for cause. The defendant asserted that the excusing of persons because of this type of hardship would taint the whole jury because only "upper crust" persons would be permitted to serve. He then moved for a mistrial. The court denied the motion for mistrial, and permitted the prosecutor to reopen its *voir dire* as to this juror because of the information disclosed subsequent to the acceptance of the jury.

### A.

Defendant contends that the reopening of the *voir dire* violated Crim.P. 24(d)(2), which provides, as pertinent here, that when counsel has accepted a panel as to jurors then in the box, he "may thereafter exercise peremptory challenges only as to jurors subsequently called into the box . . . ." Applying this rule in *Simms v. People,* 174 Colo. 85, 482 P.2d 974 (1971), the

court held that the trial court did not err in refusing the defendant's request to exercise a peremptory challenge to a previously accepted juror, after having accepted the jury as then constituted. The court stated:

"There is no provision in the Rule for the trial judge to exercise his discretion . . . . While this Court feels that in a proper case the trial judge may properly exercise his discretion and grant a peremptory challenge, it was not an abuse of discretion for the trial judge in the instant case to refuse to do so."

The court set forth no criteria as to what would be a proper case, so we must look to the general principles which govern selection and composition of a jury. In *United States v. Morris,* 623 F.2d 145 (C.A.10, 1980), it was held: "District courts have broad discretion in fashioning the methods of exercising peremptory challenges and the jury selection procedure in general." As recognized by the Supreme Court in *Simms,* while the rule does not provide for the exercise of discretion, neither does it specifically provide that the discretion as illustrated in *Morris* is taken away. Also, in *Morgan v. People,* 624 P.2d 1331 (Colo.1981), the Supreme Court pointed out the desirability of giving the trial court "great discretion . . . in the jury selection procedures."

■ In determining whether the trial court abused its discretion, the primary consideration is whether the jury selected was fair and impartial. If the method used did not deprive the defendant of a fair and impartial jury, the method used will be upheld. *United States v. Morris, supra.* Here, as we conclude below, the jury was fair and impartial. Thus, the trial court did not abuse its discretion in permitting the prosecution to exercise a peremptory challenge on the juror, and in denying the motion for a mistrial. *See People v. Fink,* 41 Colo.App. 47, 579 P.2d 659 (1978).

### B.

■ Defendant also contends that by excusing one juror for cause and permitting the prosecution to excuse another juror by

peremptory challenge, both on the ground of financial hardship, the court deprived him of his right to a fair and impartial jury by excluding a cognizable class of citizens from jury duty. We disagree.

"The states are free to grant exemptions from jury service to individuals in cases of special hardship or incapacity and to those engaged in particular occupations the uninterrupted performance of which is critical to the community's welfare .... It would not appear that such exemptions would pose substantial threats that the remaining pool of jurors would not be representative of the community .... Neither the jury nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group." *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

Section 13–71–112(1), C.R.S.1973, provides that a court may excuse a juror for "undue hardship." What constitutes undue hardship lies within the discretion of the trial court, and includes one for whom jury service would impose an undue financial burden. *See Thiel v. Southern Pacific Co.,* 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946). Hence, it was not error to excuse the juror for cause.

Furthermore, the record demonstrates that the jury was not rendered unfair and partial by the withdrawal of these two jurors from the panel. We find no reversible error in the jury selection procedures.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.