The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Nathaniel ARRINGTON,
Defendant-Appellant.

No. 82CA1018.

Colorado Court of Appeals,
Div. III.

Dec. 1, 1983.

Rehearing Denied Jan. 12, 1984.

Certiorari Denied June 11, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Nathaniel Arrington, appeals from a judgment of conviction entered upon jury verdicts finding him guilty of aggravated robbery, felony theft, conspiracy to commit felony theft and aggravated robbery, and mandatory sentence for violent crime. Defendant asserts that the trial court erred in allowing introduction of evidence of a similar transaction and intro-

duction of the defendant's testimony taken at a previous trial. We reverse.

On January 16, 1981, three armed black men disguised with ski masks, robbed an Allright Parking Lot in northeast Denver. Four women were working at the parking lot at the time of the robbery. Three of the victims were ordered to lie on the floor of the cashier's office while a fourth was taken to the room where the safe from which the money was taken was located. One of the victims later identified the defendant from a photographic line-up as one of the robbers.

During noon recess immediately before the close of the People's case-in-chief, counsel met with the trial judge in chambers. Following recess, a record apparently intended to be a summary of the noon discussion was made in chambers.

Defense counsel offered to introduce evidence that the defendant had been identified as one of three armed black male perpetrators of a robbery which was committed on January 28, 1981, at # 10 Emerson Street, Denver. The victim in that transaction later withdrew his identification of the defendant. Moreover, the defendant had been incarcerated in the Denver City and County Jail at the time of this robbery. The trial court ruled this evidence admissible under the authority of *People v. Bueno,* 626 P.2d 1167 (Colo.App. 1981).

As rebuttal, the People offered evidence of a robbery which had occurred on December 22, 1980, at Mercy Hospital in Denver. There, two armed black males wearing ski masks entered the pharmacy and ordered one victim to lie on the floor while one perpetrator accompanied the other victim into the backroom of the pharmacy for the purpose of taking drugs from a locked cabinet.

## I.

The defendant contends, *inter alia,* that the trial court erred in admitting the similar transaction evidence because the defendant was acquitted by a jury verdict of the Mercy Hospital robbery charge. We agree.

Whether a prior transaction is admissible against a defendant under CRE 404(b) where the defendant has been acquitted of that transaction is an issue of first impression in Colorado. There is a split of authority in the state and federal jurisdictions over this issue. *See* Annct., 86 A.L.R.2d 1136 (1962).

Where the prosecution is not required to meet a threshold burden of proving the prior act beyond a reasonable doubt, *see People v. Martinez,* 190 Colo. 507, 549 P.2d 758 (1976), but rather faces a lesser burden such as presenting clear and convincing evidence, *see People v. Botham,* 629 P.2d 589 (Colo.1981), a number of courts have held that evidence of similar crimes is not rendered inadmissible by the fact that the accused was acquitted of that charge. *See U.S. v. Van Cleave,* 599 F.2d 954 (10th Cir.1979); *Buatte v. U.S.,* 350 F.2d 389 (9th Cir.1965). The rationale for so holding is that the prior acquittal indicates only that the prosecution did not prove the underlying facts beyond a reasonable doubt, a higher standard than is ordinarily required for the introduction of the other crimes evidence. 2 *J. Weinstein & M. Berger, Weinstein's Evidence* § 404[10] (1982).

Some courts bar such evidence without assigning a reason. *See State v. Naranjo,* 94 N.M. 407, 611 P.2d 1101 (1980). Others adopt the simplistic rationale that the acquittal negates the defendant's identity as the perpetrator of the other crime. *See People v. Atkins,* 96 Mich.App. 672, 293 N.W.2d 671 (1980).

A number of other courts have extended the doctrine of collateral estoppel to this area. *U.S. v. Mespoulede,* 597 F.2d 329 (2nd Cir.1979); *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir.1972); *U.S. v. Day,* 591 F.2d 861 (D.C.Cir.1978); *State v. Perkins,* 349 So.2d 161 (Fla.1977); *People v. Ulrich,* 30 Ill.2d 94, 195 N.E.2d 180 (1963).

In reliance upon *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), which held that collateral estoppel

in criminal trials is an integral part of the guarantee against double jeopardy, the court in *Wingate* held:

"[T]hat under *Ashe* where the state in an otherwise proper prosecution seeks for any purpose to relitigate an issue which was determined in a prior prosecution of the same parties, then the evidence offered for such a relitigation must be excluded from trial and the state must be precluded from asserting that the issue should be determined in any way inconsistent with the prior determination.

It is fundamentally unfair and totally incongruous with our basic concepts of justice to permit the sovereign to offer proof that a defendant committed a specific crime which a jury of that sovereign has concluded he did not commit. Otherwise a person could never remove himself from the blight and suspicious aura which surround an accusation that he is guilty of a specific crime."

We conclude that the better reasoned rule is that of *Wingate v. Wainwright, supra,* and therefore adopt it.

In Colorado the doctrine of collateral estoppel is a principle of constitutional dimension under state criminal law as well as federal law. *U.S. Const.* amend. V; *Colo. Const.* Art. II, sec. 18; *Ashe v. Swenson, supra; People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo.1983); *People v. Horvat,* 186 Colo. 202, 527 P.2d 47 (1974); *People v. Hoehl,* 629 P.2d 1083 (Colo.App.1980). The application of the doctrine of collateral estoppel to evidence of similar transactions for which a defendant has been acquitted is consistent with fundamental fairness and upholds the bedrock dignity accorded an acquittal under our criminal justice system. This is particularly so "[b]earing in mind that evidence of similar acts has inhering in it damning innuendo likely to beget prejudice in the minds of the jurors, and that such evidence tends to inject collateral issues into a criminal case which are not unlikely to confuse or lead astray the jury ...." *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

The elements of collateral estoppel are: 1) the issue must be identical to an issue that was actually and necessarily decided at the prior trial; 2) there must have been a final judgment on the merits at the prior trial; 3) there must be identity of parties or privity between parties against whom the doctrine is asserted; and 4) the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *People ex rel. Gallagher v. District Court, supra.* We conclude that each element has been satisfied as to the Mercy Hospital robbery and that admission of that transaction in defendant's trial for robbery of the Allright Parking Lot is barred. No question is presented as to satisfaction of the second, third, and fourth elements of collateral estoppel. With respect to the first element, the acquittal constitutes a conclusive determination that defendant was not a perpetrator of the Mercy Hospital robbery since defendant's identity was the primary issue in that trial. *See Wingate v. Wainwright, supra.*

Because we have concluded that the trial court erred in admitting the Mercy Hospital robbery, it is unnecessary to address defendant's remaining contentions concerning this similar transaction evidence.

### II.

Since we reverse and remand for new trial, we address defendant's contention that introduction of his testimony taken at the previous trial violated his right against self-incrimination. We conclude the trial court did not err in this regard.

Such evidence does not constitute hearsay and is admissible under the provisions of CRE 801(D)(2)(A) as defendant's statement in his individual capacity. A defendant's former testimony is admissible at a subsequent trial. *People v. Carlson,* 677 P.2d 390 (Colo.App.1983); *London v. Patterson,* 463 F.2d 95 (9th Cir.1972); *see Keener v. People,* 194 Colo. 244, 572 P.2d 463 (1977); *People v. Downer,* 192 Colo. 264, 557 P.2d 835 (1976). There being no showing that the defendant's testimony at

the first trial was involuntary, we conclude that the court did not err in its admission of his prior testimony at the second trial.

The judgment of conviction is reversed and the cause is remanded for new trial.

STERNBERG and TURSI, JJ., concur.