The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Richard A. **WALLEN**, Defendant–Appellant.

No. 97CA1402.

Colorado Court of Appeals,
Div. IV.

May 27, 1999.

Rehearing Denied Aug. 19, 1999.

Certiorari Denied March 27, 2000.*

---

* Justice KOURLIS and Justice MARTINEZ would grant as to the following issue:
   Whether the trial court erred in admitting evidence of a prior transaction for which Defendant was acquitted in a previous trial, supposedly to show commission of the same misconduct that the previous jury rejected.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Richard A. Wallen, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault. He also challenges the sentence imposed. We affirm.

The defense asserted at trial was consent.

### I.

Defendant contends that the trial court committed reversible error by admitting evidence of a prior act where defendant was acquitted of that offense. He argues: 1) that the admission of the evidence was barred by the doctrine of collateral estoppel, and 2) that the evidence was not properly admitted under § 16–10–301, C.R.S.1998, and CRE 404(b). We disagree.

Prior to trial, the prosecution moved to admit evidence of the defendant's previously charged sexual assault based on § 16–10–301, C.R.S.1998, which governs the admission of prior act evidence in sex offense cases.

The motion sought admission of the evidence of the prior act to refute the defense of consent, and to show defendant's common plan, scheme, design, and pattern in sexual assaults. Although defendant was acquitted of the prior charged offense, the trial court found by a preponderance of the evidence that the prior assault actually occurred, that defendant was the perpetrator, and that the act was similar to the charges in the current case. On that basis, the trial court admitted the evidence.

■ Trial courts are vested with substantial discretion in deciding the admissibility of similar act evidence in sexual assault cases, and a trial court's ruling will be given deference in the absence of clear proof of an abuse of that discretion. *Adrian v. People,* 770 P.2d 1243 (Colo.1989).

■ An abuse of discretion in evidentiary rulings occurs only when the court's ruling is manifestly arbitrary, unreasonable or unfair. *See People v. Metcalf,* 926 P.2d 133 (Colo. App.1996).

### A.

Relying on *People v. Arrington,* 682 P.2d 490 (Colo.App.1983), defendant contends that, because he was acquitted of the prior sexual assault, collateral estoppel barred admission of evidence of that assault in this trial as a matter of law. We disagree.

Nor are we persuaded by defendant's contention that, because his acquittal in the previous case was based on consent, which is the same issue for which the evidence was offered here, the holding in *Arrington* precludes evidence of that incident from being admitted here.

In *Arrington,* another division of this court held that a defendant's acquittal constituted a conclusive determination that he was not the perpetrator of the prior act, and therefore barred admission of the prior act evidence in a subsequent proceeding against that defendant.

However, seven years after *Arrington,* in *Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), the Supreme Court reasoned that an acquittal does not prove a defendant's innocence, but merely establishes that the fact-finder had reasonable doubt as to defendant's guilt.

Thereafter, relying on *Dowling*, another division of this court held that collateral estoppel does not bar the introduction of prior act evidence relating to charges of which a defendant had been previously acquitted when it is presented in a subsequent action where the admission of the evidence is governed by a lower standard of proof than the acquittal. *People v. Conley*, 804 P.2d 240 (Colo.App.1990).

■ The standard for the admission of prior act evidence in a sex offense case is by a preponderance of the evidence. Section 16–10–301(4)(b), C.R.S.1998. We agree with the *Conley* analysis and thus decline to follow *Arrington*'s holding that an acquittal is a conclusive determination that the defendant was not the perpetrator of the prior acquitted offense.

Accordingly, defendant's acquittal in the prior case under the higher beyond a reasonable doubt standard did not collaterally estop the court from admitting the prior act evidence in this sexual assault case.

### B.

Alternatively, defendant asserts that the trial court erred by admitting the prior act evidence because it did not meet the standards set forth in § 16–10–301 and CRE 404(b), and was not sufficiently similar to the current charges. Again, we disagree.

In sexual assault cases, pursuant to § 16–10–301(3), C.R.S.1998, evidence of prior acts is admissible to prove the commission of the offense for any purpose other than propensity, including refuting defenses, such as consent, showing a common plan, scheme, design or modus operandi, motive, opportunity, intent, or preparation. *See also* CRE 404(b).

■ To be admissible, however, prior act evidence must meet the four-prong test of *People v. Spoto*, 795 P.2d 1314 (Colo.1990). That is, such evidence must relate to a material fact, be logically relevant, be independent of the intermediate inference of bad character, and its probative value must outweigh the danger of unfair prejudice.

■ Here, the trial court made findings regarding the *Spoto* test, each supported by

evidence. It outlined numerous similarities between the incident at issue and the prior act.

Specifically, it found that the prior act evidence:

[r]elates to a material fact of whether or not the victim consented ... is similar and is relevant to the exceptions set forth in the statute including plan, scheme, design, modus operandi.... [Its] probative value is not substantially outweighed by any unfair prejudice ... [and] its logical relevance is independent of any intermediate inference [of defendant's bad character] that the defendant acted in conformity therewith.

Further, the evidence was admitted for purposes permitted by § 16–10–301, C.R.S. 1998. Therefore, we perceive no error or abuse of discretion by the trial court in admitting this evidence. *See Adrian v. People, supra.*

### II.

Defendant next maintains that the trial court abused its discretion by denying his motion to admit impeachment evidence pursuant to an exception to the rape shield statute, § 18–3–407, C.R.S.1998. We disagree.

Prior to trial, defense counsel moved to admit evidence that the alleged victim in the prior sexual assault had previously falsely reported several sexual assaults.

The trial court found the evidence insufficient to prove that the accusations were demonstrably false and that the evidence's impeachment value did not outweigh the harm to the victim, as required by § 18–3–407 and CRE 403. Therefore, the trial court denied the motion.

■ A trial court is afforded considerable discretion in deciding questions concerning the admissibility of evidence. *See People v. Ibarra*, 849 P.2d 33 (Colo.1993).

Evidence of a sexual assault victim's prior sexual conduct and reputation of sexual conduct is presumed irrelevant, subject to two exceptions not relevant here. Section 18–3–407(1), C.R.S.1998. If neither exception ap-

plies, a court may conduct an *in camera* hearing to determine whether the proposed evidence is relevant to a material issue in the case. Section 18–3–407(2), C.R.S.1998.

A defendant cannot introduce evidence of a victim's prior sexual history to attack the credibility of a victim as a witness. *In re People in Interest of K.N.*, 977 P.2d 868 (Colo.1999).

In *K.N.*, defendant moved to introduce evidence that the victim told a nurse that defendant had "taken her virginity." Other witnesses would testify that the victim was not a virgin. Therefore, defendant's theory was that the victim lied to the nurse and that the jury could infer that the victim also lied about whether she consented to sex with defendant. Because the supreme court determined that the victim's statement was collateral to the consent issue, it vacated the trial court's ruling admitting the evidence.

Because a trial court is afforded considerable discretion in deciding questions concerning the admissibility of evidence, and we perceive no abuse of discretion here, we defer to the trial court's ruling. *See People v. Ibarra, supra* and *People v. Metcalf, supra.*

## III.

Defendant next contends that the trial court erred in denying his motion to suppress evidence. We disagree.

At the hearing on defendant's motion to suppress, the evidence revealed that defendant's wife had admitted an officer into defendant's house. The officer explained to her that defendant was a suspect in an assault and asked her if she knew what clothes defendant had worn the day of the offense.

Defendant's wife pointed to a pair of jeans that she said that defendant had probably worn. The officer picked up the jeans and the wife stated that there might be cash in the pockets. After the officer checked for money, he left the house with the jeans. He later testified that the wife made no indication that she did not want him in the house, nor had she specifically given him permission to take the jeans. However, he also stated

that had she refused to let him take the jeans, he would have taken them anyway, because evidence of sexual assault can easily be lost and defendant's wife had told him that she planned to do laundry that day.

Defendant's wife testified that she did not recall the officer taking any clothing from her residence and that she did not give anyone permission to take any of her husband's clothing. A subsequent investigation turned up a pubic hair on the jeans, which probably belonged to the victim. The trial court denied the motion without making specific findings.

A warrantless search may be constitutional if consent is given, and an appellate court must defer to the trial court's findings on the factual issue of voluntariness unless its findings are clearly erroneous. *People v. Licea,* 918 P.2d 1109 (Colo.1996).

Seizure of evidence without a warrant may be constitutional if exigent circumstances exist, including an officer's reasonable suspicion that the evidence is in imminent danger of destruction. *People v. Crawford,* 891 P.2d 255 (Colo.1995).

Here, although the trial court did not enter express findings concerning the presence of consent or exigent circumstances, we may resolve this question. *People v. Magoon,* 645 P.2d 286 (Colo.App.1982). We conclude that the record provides evidentiary support for both findings of consent and exigent circumstances, and thus, we perceive no error by the trial court's denial to suppress this evidence.

Furthermore, the seized evidence is irrelevant to the only issue in the case, the victim's asserted consent.

## IV.

Defendant's final contention is that the 32–year sentence imposed by the trial court is excessive and fails to incorporate any consideration of defendant's potential rehabilitation. Again, we disagree.

The trial court sentenced defendant to a term of thirty-two years in prison, which is

the maximum sentence in the aggravated range. *See* § 18–1–105(9.7)(a), C.R.S.1998.

On appellate review of a sentence, the decision of the sentencing court must be accorded deference because of the trial judge's familiarity with the circumstances of the case, and the sentence will be upheld absent a clear abuse of discretion. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

In exercising sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of defendant, the development of respect for the law and the deterrence of crime and the protection of the public. However, if the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, an appellate court must uphold it. *People v. Fuller, supra.*

We conclude that the trial court considered the required factors and sentenced defendant to a term permitted by the statute, and therefore, we decline to overturn that sentence.

The judgment and sentence are affirmed.

Judge ROTHENBERG concurs.

Judge RULAND dissents.

Judge RULAND dissenting.

In *People v. Arrington,* 682 P.2d 490 (Colo. App.1984), another division of this court concluded that the doctrine of collateral estoppel precluded the prosecution from introducing evidence of a prior armed robbery for which defendant was acquitted. The *Arrington* court reached this conclusion under both the state criminal law and the federal constitution because the issues in each case were the same, namely, identity of the armed robber. I would follow *Arrington* in this case, and thus, I respectfully dissent.

Here, the dispositive issue in the prior prosecution is the same as that here, *i.e.,* whether each of the asserted victims engaged in consensual sex with the defendant. In the first case, the jury necessarily resolved the issue in defendant's favor. Hence, retrying the issue in that case has no relevance to deciding the issue in this one.

Contrary to the majority's conclusion, I do not believe that either *Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) or *People v. Conley,* 804 P.2d 240 (Colo.App.1990) support the trial court's ruling here. In each of those cases, the court noted that the burden of proof in the prior criminal case (beyond a reasonable doubt) was different than the prosecution's burden under CRE 404(b) to introduce similar transactions (preponderance of the evidence). However, neither court based its holding strictly on the difference in the burdens of persuasion. Had either court opted to do so, it would have been unnecessary to address further whether the issues in each of the two incidents were identical. In each, the issues were not the same and thus each court held the evidence admissible. Finally, *Dowling* addressed only the double jeopardy clause and due process concerns under the United States Constitution.

I believe that *Arrington* was properly decided for a number of reasons.

As the Supreme Court recognized in *Dowling v. U.S., supra,* 493 U.S. at 352, 110 S.Ct. at 674, 107 L.Ed.2d at 720: "[I]ntroduction of evidence in circumstances like those involved here has the potential to prejudice the jury or unfairly force the defendant to spend time and money relitigating matters considered at the first trial." That is precisely what occurred here.

It is also apparent that the use of this type of evidence creates what in my view should be an unacceptable risk that the jury will convict the defendant on the basis of inferences drawn from conduct that a previous jury has concluded was not criminal.

Finally, and most important, admission of this evidence here contravenes a fundamental precept of the criminal justice system which holds that the prosecution may not force a person acquitted in one trial to defend against the same accusation in a second.

For these reasons, I would reverse the judgment of conviction and remand the case for a new trial.