The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ervin ISOM, Defendant–Appellant.

No. 03CA2518.

Colorado Court of Appeals, Div. IV.

Dec. 1, 2005.

Certiorari Denied June 26, 2006.*

**102**

John W. Suthers, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Ervin Isom, appeals the trial court's judgment of conviction and sentence. We affirm.

## I. Background

The fourteen-year-old victim and a friend were hitchhiking when Isom offered to give them a ride. The victim told police that after leaving her friend at a store, Isom gave her alcohol and sexually assaulted her.

Isom was charged with various offenses, including kidnapping, enticement of a child, contributing to the delinquency of a minor, and several counts of sexual assault on a child. He was also charged with being a habitual sex offender. The kidnapping charge was dismissed before trial.

The jury convicted Isom of enticement of a child, contributing to the delinquency of a minor, and one count of sexual assault on a child. It did not reach a verdict on the remaining charges. The court later determined that Isom was a habitual sex offender and imposed the following sentence: (1) forty years to life for sexual assault on a child; (2) five years to life for enticement of a child; and (3) five years to life for contributing to the delinquency of a minor.

## II. Excused Juror

Isom contends that the trial court erred when it excused a juror over his objection. We disagree.

### A. Pertinent Events

On the morning of trial, the court told potential jurors that the trial would last five days. The court asked whether this length of service would cause undue hardship, and several potential jurors indicated that it would. One potential juror—Juror M—stated that he had purchased nonrefundable airfare for a business trip and was scheduled to leave before the end of trial.

Before lunch, the court excused several jurors for hardship. The court told the remaining jurors, including Juror M, that it would continue to consider their concerns about hardship.

After conducting voir dire, the court excused several other jurors who had indicated that they would suffer hardship. Juror M was one of those jurors. The court told Juror M, "[Y]ou have that business trip and we're concerned about you missing that."

Defense counsel later stated for the record that the People had challenged Juror M for cause and that he had objected to this challenge.

## B. Discussion

Citing § 16–10–103, C.R.S.2005, Isom asserts that challenges for cause may be granted only for actual or implied bias and that the court erred in granting the prosecution's challenge on grounds of hardship. Isom argues that this error requires reversal because it effectively gave the prosecution an additional peremptory challenge. *See People v. Lefebre*, 5 P.3d 295, 308 (Colo.2000) (reversal is required if the trial court erroneously grants a challenge for cause and effectively gives the prosecution an additional peremptory challenge).

We do not agree that the court was limited to the grounds set forth in § 16–10–103. Because Isom's trial was expected to last more than three days, the trial court had the discretionary authority to excuse Juror M for "hardship or inconvenience" under § 13–71–121, C.R.S.2005. *See also People v. Reese*, 670 P.2d 11, 14 (Colo.App.1983) (court has discretion to decide whether a juror should be excused for "undue hardship").

We conclude that the court's decision to excuse Juror M was reasonable and not an abuse of discretion.

## III. Videotaped Interview

■ Isom contends that the court committed reversible error when it (A) admitted a videotaped interview of the victim without requiring the prosecution to secure the presence of the interviewer, and (B) allowed the jury to view the videotape during deliberations. We reject these contentions as follows.

### A. Interviewer's Statements

Isom asserts that the victim's videotaped interview contained hearsay statements made by the interviewer. He contends that, because the interviewer did not testify and was not available for cross-examination, admission of the videotaped interview violated his right of confrontation under the federal and state constitutions. We disagree.

■ There is no right of confrontation or hearsay preclusion when statements are offered, not for their truth, but to provide context for the declarant's statements. *People v. Arnold*, 826 P.2d 365, 366 (Colo.App. 1991); *see also Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004) ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

Here, the interviewer's videotaped questions and statements were offered solely to place the victim's statements into context. The format of the interview was question-and-answer, and the interviewer offered no substantive comments of her own. The interviewer made no statement that could be considered "a statement offered to prove the truth of the matter asserted" under CRE 801(c). Accordingly, Isom suffered no deprivation of his right of confrontation.

■ Isom suggests that he was deprived of the opportunity to examine the interviewer's training, experience, and techniques. To the extent that he is asserting a due process claim, we find no violation. Isom was free to secure the interviewer's presence if he thought it necessary. When Isom learned that the interviewer would not be called as a witness for the prosecution, he did not request a continuance to subpoena the interviewer.

### B. Access to Videotape

■ After trial, Isom learned that the court had allowed the jury to view the videotape in the jury room during deliberations. On the basis of this information, Isom asked the court to declare a mistrial. The court denied his request.

Isom now contends that the trial court erred in denying his request for a mistrial. He makes three related arguments, which we consider and reject as follows.

### 1. Access to Videotape

Isom relies on *People v. Montoya*, 773 P.2d 623 (Colo.App.1989), and *People v. Talley*, 824 P.2d 65 (Colo.App.1991), for the proposition that jurors may have access to testimonial evidence only if properly instructed and supervised by the court. These cases are based on the former version of C.R.C.P. 47(m).

In 1999, C.R.C.P. 47(m) was amended. It now states: "Upon retiring, the jurors shall take the jury instructions, their juror notebooks and notes they personally made, if any, and to the extent feasible, those exhibits that have been admitted as evidence."

In *People v. McKinney*, 80 P.3d 823 (Colo. App.2003), *rev'd on other grounds*, 99 P.3d 1038 (Colo.2004), a division of this court recognized that the new version of C.R.C.P. 47(m) permits unsupervised access to testimonial evidence. And in *People v. Pahlavan*, 83 P.3d 1138, 1141 (Colo.App.2003), another division of this court agreed with the *McKinney* division's analysis on this point.

Like the divisions in *McKinney* and *Pahlavan*, we conclude that C.R.C.P. 47(m) no longer prohibits unsupervised access to testimonial evidence, including videotaped interviews. We therefore conclude that the court did not err in allowing the jury to have unsupervised access to the videotape.

### 2. Personal Presence

■ Isom contends that the court erred by failing to secure his personal presence before it allowed the jury to review the videotape. We disagree.

■ A defendant has the right to be present with counsel at every critical stage of a criminal trial. *People v. Harris*, 914 P.2d 434, 437 (Colo.App.1995). This right is guaranteed by due process if the fundamental fairness of the proceeding would be undermined by the defendant's absence. However, due process does not require the defendant's presence when it would be useless or only slightly beneficial. *Snyder v. Massachusetts*, 291 U.S. 97, 106–07, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934); *People v. White*, 870 P.2d 424, 458 (Colo.1994).

Here, Isom's presence would have been useless. Isom was represented, and the court had no reason to consult with him before deciding whether to allow the jury to review the videotape. We therefore conclude that the court was not required, as a matter of due process, to secure Isom's personal presence. *See Valdez v. Gunter*, 988 F.2d 91, 93 (10th Cir.1993) (defendant had no right to be present when court decided whether to replay an audiotape during deliberations); *Esnault v. Colorado*, 980 F.2d 1335 (10th Cir.1992) (defendant had no right to be present when court responded to jury's question during deliberations). *See also* Crim. P.43(c)(2).

To the extent that *People v. Grace*, 55 P.3d 165 (Colo.App.2001), expresses a contrary view, we decline to follow it. *See In re Estate of Becker*, 32 P.3d 557 (Colo.App.2000) (one division of this court is not obliged to follow precedent established by another division), *aff'd sub nom. In re Estate of DeWitt*, 54 P.3d 849 (Colo.2002).

### 3. Presence of Counsel

■ Isom also contends that the court erred by failing to consult with defense counsel before allowing the jury to review the videotape. We agree but conclude that the error was harmless.

■ A trial court commits error by responding to a jury's questions without first making reasonable efforts to obtain the presence of defense counsel. *Leonardo v. People*, 728 P.2d 1252 (Colo.1986). Because this error is of constitutional dimension, reversal is required unless the reviewing court concludes that the error was harmless beyond a reasonable doubt. *Leonardo v. People, supra.*

■ If a court properly responds to a jury's question during deliberations, its failure to have previously secured the presence of defense counsel is harmless beyond a reasonable doubt. *People v. Trujillo*, 114 P.3d 27, 32 (Colo.App.2004). This is true whether the court is responding to a question of law, *see People v. Trujillo, supra*, or a request to review testimonial materials during deliberations. *See People v. Dunlap*, 124 P.3d 780

(Colo.App.2004); *People v. Jenkins,* 83 P.3d 1122, 1128 (Colo.App.2003); *People v. Auman,* 67 P.3d 741, 765 (Colo.App.2002), *rev'd on other grounds, Auman v. People,* 109 P.3d 647 (Colo.2005).

We conclude that the court's failure to secure the presence of counsel was harmless beyond a reasonable doubt. Our conclusion is supported by three observations.

First, the court properly responded to the jury's request. It was appropriate to allow the jury to review the videotaped statements so that it could determine the significance of any inconsistencies between those statements and the victim's testimony and handwritten statements.

Second, there is no indication that the presence of counsel would have altered the court's decision. The record indicates that defense counsel would have opposed the jury's request under *People v. Montoya, supra,* and *People v. Talley, supra,* and it indicates that the court would have overruled counsel's objection. There is no indication that trial counsel would have urged any of the measures suggested by appellate counsel, nor is there any indication that the court would have employed those measures if asked. *See People v. Urrutia,* 893 P.2d 1338, 1343 (Colo.App.1994) (failure to secure presence of defense counsel was harmless where there was no indication that the court's communication with the jurors would have been altered by the presence of counsel).

Third, there is no indication that Isom was prejudiced by the court's decision. The jury's verdict—convicting Isom of some, but not all, of the charges—indicates that the jurors remained aware of inconsistencies in the victim's statements and did not focus entirely on one piece of evidence.

### IV. Prosecutor's Closing Argument

Isom contends that he is entitled to a new trial because the trial court allowed the prosecutor to make improper comments during closing argument. We reject this contention.

A claim of improper closing argument is evaluated in the context of the argument as a whole and in light of the evidence

presented at trial. Errors in argument that do not substantially influence the verdict or affect the fairness of the proceedings may be deemed harmless. *People v. Griffith,* 58 P.3d 1111, 1113 (Colo.App.2002).

### A. Right to Remain Silent

Isom argues that the prosecutor infringed on his right not to testify at trial. We disagree.

Isom objected when the prosecutor stated: "[T]he defendant is never compelled to testify. [The evidence is] not coming from him." The court overruled Isom's objection.

A prosecutor may not argue that the defendant's silence implies guilt. *See People v. Wright,* 182 Colo. 87, 91, 511 P.2d 460, 462 (1973). Here, the prosecutor did not suggest that the jury should infer guilt from the fact that Isom had remained silent.

### B. Denigrating the Defense

Isom asserts that the prosecutor denigrated the defense by (1) implying that defense counsel had been callous during cross-examination, and (2) dismissing Isom's theory of the case instruction as mere "argument."

We find no error:

1. The prosecutor noted that the victim had been subjected to numerous interviews before trial, including two with defense counsel. She also noted that the victim had undergone a rigorous cross-examination at trial. The record shows that the prosecutor made these comments, not for the purpose of denigrating counsel, but to suggest that the victim had not fabricated evidence. Similarly, the prosecutor's remark about the way that one witness was "treated" was not an attack on defense counsel. It was an attempt to rebut defense counsel's suggestion that this witness had improper motives.

2. The prosecutor made the following comment about Isom's theory of the case instruction: "[The instruction] is not a statement of law. You do not have to follow it. You do not have to believe it.

Instruction No. 21 is their argument." We do not agree with Isom that this comment was derogatory or improper. Isom's theory of the case instruction did not contain a statement of law. And the jurors were free to reject his theory of the case.

### C. Plain Error

Isom also contends that the trial court erred in allowing the prosecutor to make comments to which defense counsel did not object. After considering these comments in context, we conclude that they did not constitute obvious and substantial error that so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the verdict. *See People v. Miller,* 113 P.3d 743, 745, 750 (Colo.2005). We therefore find no plain error.

### D. Cumulative Error

Because we have rejected Isom's individual contentions of error regarding prosecutorial misconduct, we reject his argument for reversal under the doctrine of cumulative error. *See People v. Gordon,* 32 P.3d 575, 581–82 (Colo.App.2001).

### V. Habitual Offender Sentence

The court imposed an indeterminate sentence under § 18–1.3–1004, C.R.S.2005, based on its finding that Isom was a habitual sex offender against children. Isom contends that he was entitled to a jury trial on the habitual sex offender count. We disagree. *See People v. Vigil,* 104 P.3d 258, 268 (Colo.App.2004) (*cert. granted* Dec. 20, 2004) (defendants are not entitled to a jury determination of habitual sex offender status).

The judgment and sentence are affirmed.

Judge ROY and Judge CARPARELLI concur.