**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James KINNEY, Defendant–Appellant.**

**No. 04CA0781.**

Colorado Court of Appeals, Div. I.

June 29, 2006.

Certiorari Denied Nov. 27, 2006.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, James Kinney, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault. We affirm.

Defendant drove up to a woman on the street and spoke with her. She went with him to his apartment, where they had sex. The woman later told police that defendant had sexually assaulted her. Defendant claimed the encounter was consensual.

At trial, two other women testified that defendant had sexually assaulted them.

### I.

Defendant contends the trial court violated his right to due process by improperly excusing a juror for cause. We conclude the trial court excused the juror on the basis of hardship, and that it did not abuse its discretion in doing so.

A trial court may excuse a prospective juror on the grounds of hardship, even over the objection of a defendant. *People v. Isom,* 140 P.3d 100, 2005 WL 3211628 (Colo. App. No. 03CA2518, Dec. 1, 2005); *see* § 13–71–121, C.R.S.2005 ("Before a jury is impaneled, the court shall inform the jurors if a trial is expected to last more than three trial days and may excuse a juror from performing juror service in that trial upon a finding of hardship or inconvenience, taking into account the expected length of the trial."). What constitutes hardship is a determination within the discretion of the trial court. *See People v. Reese,* 670 P.2d 11 (Colo.App.1983).

Trial here was scheduled for five days. At the beginning of jury selection, the trial court inquired whether anyone felt "that he or she would suffer undue or extreme hardship" if selected to serve for that length of time. Several jurors responded that they would. The juror at issue here, Juror V, told the court she was a teacher, could not get a substitute for more than three days, and was scheduled to do a type of assessment testing that a substitute could not handle. The trial court told the jurors it would defer ruling on excusals until after it had conferred with the attorneys.

After the lunch recess, the trial court did not immediately rule on the hardship issues, and the attorneys began their voir dire. During questioning by the prosecutor, Juror V had indicated at one point that she was not thinking about the prosecutor's question because her mind was on other things. She also stated that she might feel protective of defendant because she and he were of the same race.

After further questioning, the prosecutor challenged Juror V for cause, expressing doubt that she could be a fair and impartial juror. Defendant objected. The court then excused Juror V and an optometrist who had claimed hardship, explaining to the other jurors that the two who were excused "would probably have a better time being a juror in a different case at a different time."

The court later made the following record regarding its reasons for excusing Juror V:

> [Juror V] is a school teacher. She ... used some language about being protective of blacks because she is of the same race. My main grounds for granting the challenge for cause on [Juror V] was because she made it abundantly clear in terms of time conflict that [she] is a teacher, they are doing some sort of [assessment] testing, and while a substitute could handle the regular teaching,

she was not comfortable having a substitute doing the ... testing.... I had concern about her ability to concentrate on the case.... [T] hat is the main reason why [Juror V is] no longer serving on this case.

█ We do not agree with defendant that the trial court must be deemed to have excused Juror V for cause in response to the prosecutor's challenge. Even though the court initially stated that it was going to "grant the challenges" to Juror V and the optometrist, the context of that statement and the court's subsequent explanation make it clear that Juror V was excused for hardship. The court had previously indicated it would defer ruling on the hardship issues, and it addressed Juror V's excusal at the same time it excused another juror, the optometrist, who had similarly claimed hardship.

In sum, we have no basis for questioning the trial court's stated reasons for its dismissal of Juror V, and, in light of Juror V's explanation of her circumstances, dismissal for hardship was not an abuse of discretion. *See People v. Reese, supra,* 670 P.2d at 14 (no abuse of discretion to excuse "for cause" juror who claimed financial hardship).

## II.

█ Defendant next contends his due process rights were violated by the trial court's refusal to allow him to introduce evidence, or have the jury instructed, that he was acquitted of sexually assaulting the two women who testified that he had previously assaulted them. We disagree.

### A.

Prior to trial, the prosecution filed a notice of intent to introduce evidence that defendant had sexually assaulted a woman in 1999 and another woman in 2002. Defendant objected, and a hearing was held. The trial court found by a preponderance of the evidence that the prior assaults had occurred. It concluded that the proffered evidence was admissible under CRE 404(b) and *People v. Spoto,* 795 P.2d 1314 (Colo.1990), and that the evidence was not rendered inadmissible

by defendant's acquittals on criminal charges arising out of the sexual assaults.

Before the witnesses testified, the prosecution filed a motion in limine to prohibit any comment on or reference to the outcome of the two previous sexual assault cases. Defendant argued that evidence of, or an instruction regarding, the acquittals was necessary to preclude the jury from speculating about whether he had been convicted in those cases. The prosecutor responded that the fact of acquittal was irrelevant and would simply serve to confuse the jury.

The trial court declined to instruct the jury as defendant had requested. Instead, it ruled that both sides would be prohibited from "talking about the outcome or even talking about the fact that charges had been brought against the defendant." Additionally, although the witnesses could be questioned about their testimony in prior "hearings," there was to be no reference to "prior trials."

The women then testified regarding the assaults, and the court gave and repeated an instruction stating that the testimony could be used only "for the purpose of showing lack of consent, common plan or scheme, intent or knowledge." In refusing defendant's renewed request for an acquittal instruction at the conclusion of the evidence, the court noted that it had heard no testimony that would warrant revisiting its prior ruling. The court again declined to alter its prior ruling when the jury sent out a note during deliberations that included a request to see "previous trial transcripts."

### B.

█ Evidence of prior acts that otherwise qualifies for admission under CRE 404(b) is not rendered inadmissible by the defendant's acquittal on criminal charges arising out of those acts. *See People v. Wallen,* 996 P.2d 182 (Colo.App.1999)(defendant's acquittal in previous case did not collaterally estop court from admitting prior act evidence); *People v. Conley,* 804 P.2d 240 (Colo.App.1990) (same); *see also Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (introduction of evidence relating to crime of

which defendant had previously been acquitted does not violate double jeopardy or due process).

Defendant does not contend that his acquittals precluded the women's testimony regarding the prior sexual assaults, and he does not argue that their testimony failed to qualify as CRE 404(b) evidence. Rather, defendant asserts, as he did at trial, that he should have been permitted to introduce evidence of his acquittals or to have the jury instructed that he had been acquitted. In support of his argument, defendant relies on the fact that the *Dowling* Court found it significant that the jury in that case had been instructed that the defendant had been acquitted. We are not persuaded.

### 1.

Whether the jury must be informed of the defendant's acquittal in circumstances such as those presented here has not been addressed in Colorado.

In *Dowling,* the jury had been instructed that the petitioner had been acquitted on the prior charge, and it had also received an instruction concerning the limited purpose for which the prior act evidence was being offered. In holding that evidence relating to a crime of which a defendant had been acquitted did not violate double jeopardy or due process, the Supreme Court observed that such a conclusion was appropriate "[e]specially in light of the limiting instructions provided by the trial judge." *Dowling, supra,* 493 U.S. at 353, 110 S.Ct. at 674.

Courts that have considered the issue have generally concluded that *Dowling* does not require that the jury be advised of the defendant's acquittal, and that trial courts have discretion to determine, on a case-by-case basis, whether the acquittal is relevant and should be admitted. *See United States v. Wells,* 347 F.3d 280 (8th Cir.2003) (evidence of defendant's prior narcotics transactions was admissible under *Dowling,* and trial court was not required to instruct the jury that defendant had been acquitted on prior charges stemming from the narcotics transactions); *United States v. Smith,* 145 F.3d 458 (1st Cir.1998)(Dowling does not require an acquittal instruction when evidence of ac-

quitted conduct is introduced); *United States v. Tirrell,* 120 F.3d 670 (7th Cir.1997)(Dowling does not require that jury be told of acquittal; therefore, appellate court would afford substantial deference to trial court's decision that prior acquittals were irrelevant); *State v. Bell,* 164 N.C.App. 83, 594 S.E.2d 824 (2004)(evidence of subsequent assault committed by defendant was admissible under *Dowling,* and trial court was not required to admit evidence of defendant's acquittal on assault charge); *but see Hess v. State,* 20 P.3d 1121 (Alaska 2001) (holding, without deciding applicability of *Dowling,* that evidence of acquittal should have been admitted where it had substantial probative value regarding issues other than defendant's innocence of prior charge and its exclusion hampered defendant's ability to respond to sexual assault victim's propensity testimony).

Two reasons have been cited to explain why judgments of acquittal are not generally admissible to rebut inferences that may be drawn from evidence that was the basis of a previous trial. First, judgments of acquittal are hearsay. Second, judgments of acquittal are irrelevant because they do not prove innocence, but simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt. *See United States v. Wells, supra.*

Courts that have required an instruction regarding the defendant's acquittal have generally done so in circumstances where the jury had learned that criminal charges had been filed against the defendant. In such circumstances, the courts have held, evidence of the acquittal is relevant to counter the jury's potential conclusion that the defendant had been convicted in the prior cases. *See People v. Bedoya,* 325 Ill.App.3d 926, 259 Ill.Dec. 243, 758 N.E.2d 366, 381 (2001)(where jurors had received instruction regarding defendant's involvement in "offenses" other than the charged offense, they should have been told about acquittal to ensure that they did not believe that the "offenses" were "alive and pending"); *State v. Aricivia,* 495 N.W.2d 364 (Iowa Ct.App.1992)(because state had introduced evidence that sexual abuse charges were filed, evidence of subsequent dismissal of

charges was relevant to prevent jury from inferring that defendant had been convicted); cf. *United States v. Tirrell, supra* (no abuse of discretion to exclude evidence of acquittals where trial court excluded all references to prior prosecution and did not allow government to inform jury that defendant had been convicted of state firearms charge).

### 2.

We agree with those courts that have concluded that *Dowling* does not require that the jury be told of an acquittal. Although the *Dowling* Court approved the "limiting instructions" given by the trial court, it did not comment further on the relative significance of the two instructions; and it did not, in any event, hold that a due process violation would have occurred without an acquittal instruction. Rather, as one court has observed, *Dowling's* reference to the limiting instructions was intended simply to "reinforce the [Court's] conclusion that the defendant's rights were not violated." *See United States v. Smith, supra,* 145 F.3d at 462.

■ Absent any requirement that the jury learn of the defendant's acquittal in all cases, whether to so inform the jury in a given case is a matter committed to the sound discretion of the trial court. *See United States v. Tirrell, supra; see also People v. Ibarra,* 849 P.2d 33 (Colo.1993)(trial courts are accorded considerable discretion in determining the relevancy of evidence, its probative value, and its prejudicial impact; to show abuse of discretion warranting reversal, appellant must establish that evidentiary ruling was manifestly arbitrary, unreasonable, or unfair).

Applying those standards here, we conclude it was within the trial court's discretion to refuse to allow evidence of, or instruct the jury regarding, defendant's acquittal in the two prior sexual assault cases.

The trial court reviewed *Dowling* and concluded that it did not require an instruction regarding defendant's acquittal. However, the court also recognized the possibility that the jury could speculate that defendant had been charged and convicted. Therefore, to forestall that possibility, the court prohibited both sides from making any reference to "prior trials" or to the fact that criminal charges had been brought against defendant. It was not unreasonable for the trial court to conclude, as the prosecutor had argued, that reference to the acquittals could confuse the jury, resulting in prejudice that substantially outweighed any marginal relevance of the acquittals, and for it then to fashion a remedy that would obviate the need for an acquittal instruction.

Nor are we persuaded that the court's initial determination must be deemed an abuse of discretion because of the jury's question requesting "previous trial transcripts." As the trial court noted and the record confirms, the parties had been "careful about referencing transcripts as transcripts of earlier proceedings," which could encompass earlier proceedings in this case. The jury's reference to "trial" transcripts did not, as defendant contended, necessarily show that the jury thought there were prior trials at which he had been convicted.

■ Finally, we emphasize that advising the jury of the defendant's acquittal would not be error in a case where the trial court determined that the acquittal was relevant and that its relevance was not substantially outweighed by any countervailing considerations. *See* CRE 403; *Dowling, supra.* We hold only that, in the circumstances presented here, the court's ruling to the contrary was not an abuse of discretion.

### III.

■ We are likewise unpersuaded by defendant's contention that the trial court violated his confrontation rights when it prohibited him from cross-examining a witness regarding her pending misdemeanor charge.

■ The right to cross-examine is part of the right to confront witnesses guaranteed by the United States and Colorado Constitutions. *People v. Fry,* 92 P.3d 970 (Colo.2004).

■ Thus, it is constitutional error to limit excessively a defendant's cross-examination of a witness regarding the witness's credibility—especially, cross-examination concerning the witness's bias, prejudice, or

motive for testifying. Nevertheless, a trial court has wide latitude to place reasonable limits on cross-examination based on concerns about prejudice or confusion of the issues, or where the interrogation is only marginally relevant. *Merritt v. People,* 842 P.2d 162 (Colo.1992); *People v. Ray,* 109 P.3d 996 (Colo.App.2004).

Although evidence of pending charges and of misdemeanor convictions is not admissible as bearing on credibility generally, such evidence may be relevant to show a prosecution witness's bias, prejudice, or motivation for testifying. *People v. Bowman,* 669 P.2d 1369 (Colo.1983). However, cross-examination concerning a pending criminal charge is not probative of bias, motivation, or prejudice unless there is some showing of a nexus between the pending charge and the witness's testimony. *See People v. King,* 179 Colo. 94, 498 P.2d 1142 (1972) (trial court should allow cross-examination where prosecution witness is charged with or threatened with criminal prosecution for other unrelated offenses and witness's testimony against defendant might be influenced by promise of, hope of, or expectation of immunity or leniency with respect to pending charges); *People v. Caldwell,* 43 P.3d 663, 670 (Colo.App.2001)("We fail to discern how another pending case, not involved in any plea agreement, and the outcome of which was not dependent upon testimony in the instant matter, would be probative of bias, motive, or prejudice. Without such a connection, the witness would not be testifying out of fear or concern of possible jeopardy to the outcome of the pending matter."); *see also People v. Vialpando,* 804 P.2d 219 (Colo.App.1990)(counsel may not properly propound to a witness questions that can cause a doubt in the jury's mind as to the witness's credibility, when there is no reasonable basis in fact for that interrogation).

In this case, defense counsel sought leave to question a prosecution witness regarding a misdemeanor criminal trespass charge pending against her in another county. Defense counsel argued that the cross-examination was necessary to determine whether the prosecution had promised the witness any leniency in the misdemeanor case. The pros-

ecutor told the court that the "People have made no promises or inducements in [regard] to that case." Defense counsel suggested that the witness may have had some belief or perception to the contrary, but counsel did not make any offer of proof, or elicit testimony from the witness outside the presence of the jury, to substantiate that suggestion.

Based on the statement by the prosecutor, as an officer of the court, the trial court found that there were insufficient grounds to allow inquiry into the pending misdemeanor matter, even if the witness "may have some impression in her mind" about the relationship of that case to her testimony. We conclude the ruling was within the trial court's broad discretion and did not violate defendant's confrontation rights.

### IV.

Finally, defendant contends the trial court erred in allowing the jurors to place transcripts of his audiotaped statement in their notebooks before the close of evidence. We find no basis for reversal.

During trial, the jurors heard an audiotaped interview with defendant and were given transcripts of the interview. Defendant objected to allowing the jurors to keep the transcripts after the tape was played. The trial court overruled the objection.

On appeal, defendant does not dispute that the jurors were entitled to transcripts of the audiotapes to assist them in following the tapes while they were played, *see People v. Rogers,* 68 P.3d 486 (Colo.App.2002), and he also concedes that exhibits admitted at trial may generally be taken into the jury room during deliberations. *See People v. Isom, supra.* However, he asserts that allowing the jurors to keep transcripts in their notebooks permitted them to focus unduly on a single piece of evidence and "likely encouraged predeliberation" on their part.

We need not decide whether the trial court erred in allowing the jurors to keep the transcripts in their notebooks. Even if we assume that it did, defendant has not shown how he was prejudiced by the error. There is nothing whatever in the record to support defendant's speculation that keeping

the transcripts in the notebooks "likely encouraged predeliberation." The jurors were instructed each day that they should not discuss the case or form any opinions until the evidence was concluded, and we presume they heeded the court's instructions. *See Medina v. People,* 114 P.3d 845 (Colo.2005).

Therefore, absent any showing that defendant's substantial rights were affected, there is no basis for reversal. *See* C.A.R. 35(e); *People v. Stephenson,* 56 P.3d 1112 (Colo. App.2001) (inclusion of erroneous information in juror notebooks was not reversible error where defendant did not show prejudice).

The judgment of conviction is affirmed.

Judge RUSSEL concurs.

Judge NEY * concurs in part and dissents in part.

Judge NEY concurring in part and dissenting in part.

I concur with parts I, III, and IV of the majority opinion. However, I dissent to part II because I conclude that under the facts of this case, the trial court abused its discretion and violated defendant's due process rights when it refused to instruct on or permit any evidence of defendant's acquittal in both cases relating to the CRE 404(b) witnesses.

I agree that evidence of prior acts that otherwise qualifies for admission under CRE 404(b) is not barred from admission by collateral estoppel because of the defendant's acquittal on criminal charges arising out of those acts. *See Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (jury was instructed that petitioner had been acquitted on the charge arising from the prior events described in the testimony, and the Court concluded that admission of evidence of those prior events did not violate double jeopardy or due process); *People v. Wallen,* 996 P.2d 182 (Colo.App.1999); *People v. Conley,* 804 P.2d 240 (Colo.App. 1990).

I also agree that an instruction about a defendant's acquittal is not always required.

Colorado courts have not ruled whether a jury must be informed of a defendant's acquittal.

Those courts that have considered the matter have concluded that the trial court must determine, on a case-by-case basis, whether the evidence of the acquittal is relevant and should be admitted. *See United States v. Wells,* 347 F.3d 280 (8th Cir.2003); *United States v. Smith,* 145 F.3d 458 (1st Cir.1998); *Hess v. State,* 20 P.3d 1121 (Alaska 2001). As the majority notes, and the trial court recognized, an instruction regarding the defendant's acquittal is generally required where the jury has learned that criminal charges had been filed against the defendant. Courts have recognized that evidence of an acquittal is relevant in those cases to counter the jury's conclusion that the defendant had been convicted in the prior cases. *E.g., People v. Bedoya,* 325 Ill.App.3d 926, 259 Ill.Dec. 243, 758 N.E.2d 366 (2001).

Here, the trial court expressed concern that there is always the inherent danger that the jury will use CRE 404(b) evidence for an improper purpose. *See* CRE 403.

The trial court also fully recognized the possible prejudice to defendant if the jury were permitted to speculate whether charges had been brought against him as a result of the events related by the CRE 404(b) witnesses, and the court considered whether an instruction advising the jury of defendant's acquittal would be required. Further, the court considered giving an instruction to supplement the standard CRE 404(b) limiting instruction to admonish the jury "not to speculate as to the circumstances surrounding that particular incident or incidents in this case." However, the court did not give this instruction.

In granting the prosecution's motion in limine to bar any evidence or instruction on defendant's prior acquittals as to the events described in the CRE 404(b) testimony, the trial court prohibited both sides from introducing any evidence that previous charges had been brought against defendant or that

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

the charges had been tried. The parties were instructed to refer to testimony in the previous cases simply as "testimony" without elaboration and to avoid using the terms "trial" and "charges." Both sides fully complied with the court's instructions in questioning the CRE 404(b) witnesses and referred to their prior testimony "in hearings."

The court also gave a limiting instruction prior to each CRE 404(b) witness's testimony:

> A limiting instruction is an instruction of law which I will give you at this time which explains how you are to view certain evidence that is being admitted. In this particular case there is a limitation upon evidence that you are hearing from [this witness]. This particular evidence may be used as evidence for the purpose of showing lack of consent, common plan or scheme, intent or knowledge, and you should consider it as evidence for no other purpose.

However, because the two CRE 404(b) witnesses were the first witnesses and the jury had therefore heard no evidence of the offense for which defendant was charged here, the jury had no context in which to place this instruction.

Further, the CRE 404(b) witnesses related not only the events involving defendant, but also subsequent events involving reports to the police, conversations with an investigator, and, as to one of the women, nude pictures taken by the police and the details of her medical examination, including reference to a rape kit. Therefore, it was likely that the jury would speculate that there was some follow up to these events, including the filing of charges and a subsequent trial.

I therefore conclude that the trial court's good faith effort to limit the testimony and exclude any evidence of the previous charges and trial did not protect defendant from the jury's speculation that charges were filed and a trial was held. The record demonstrates that the jury not only speculated, but also concluded that in fact there had been a trial. During deliberations the jury requested "to see previous trial transcripts." Defendant

then renewed his request for an instruction advising the jury of his acquittal, which was again denied by the court.

Where, as here, the jury speculates as to the charges and trial arising out of CRE 404(b) incidents, I conclude that it is an abuse of discretion by the trial court to refuse to instruct a jury as to the defendant's acquittal of those charges. I would therefore set aside defendant's conviction and remand this case to the trial court for a new trial.