**John Kenneth PEEL, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. A–2293.**

Court of Appeals of Alaska.

March 11, 1988.

---

Phillip Paul Weidner, Weidner and Associates, Kevin Callahan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for petitioner.

Robert B. Blasco, Asst. Dist. Atty., Juneau, Mary Anne Henry, Dist. Atty., Ketchikan, Dean J. Guaneli, Asst. Atty. Gen., and Grace Berg Schaible, Atty. Gen., Juneau, for respondent.

Before COATS and SINGLETON, JJ., and JEFFERY, Superior Court Judge.[*]

## OPINION

SINGLETON, Judge.

This is a petition for review from an order of the superior court denying a motion to dismiss based upon the double jeopardy clauses of the state [1] and federal constitutions.[2]

John Kenneth Peel was charged by a grand jury with eight counts of murder in the first degree, an unclassified felony. AS 11.41.100. With interruptions, the trial took six months. The jury deliberated for six days before returning a letter indicating that they were unable to reach a verdict on any of the eight counts. Superior Court Judge Thomas E. Schulz met with counsel and Peel in chambers. The prosecution asked that the jury return for further deliberation with appropriate instructions. The defense objected, indicating that a mistrial should be immediately declared, and expressed fear that any delay in responding to the jury's notification of deadlock would be coercive.

The trial court did not immediately rule on the motion for mistrial. Rather, the jury was summoned into the courtroom and the court asked the foreperson whether there had been any recent "movement." After substantial pause, the foreperson answered, "Yeah, there's been movement, and I would say the last was this afternoon." The court subsequently discharged the jury indicating that it was satisfied that the jury was deadlocked, based upon the foreperson's response and upon the court's observations of the various jurors' demeanor. The court acted without hearing further from the defendant or defense counsel. Defense counsel did not object to the discharge of the jury, however, counsel did state, "Just for the record, we're not conceding manifest necessity."

Thereafter, the defendant filed a "motion to preclude further prosecution," contending that his double jeopardy rights would be violated by a subsequent trial on the same charges. The defendant concedes that he moved for a mistrial. He characterizes his motion, however, as one for immediate mistrial and contends that by inquiring of the jury as to its status, the trial court implicitly denied his motion and thereafter granted its own motion, *sua sponte*, without making a sufficient record that manifest necessity warranted a mistrial. In the defendant's view, the foreperson's concession that the jury had made

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Alaska Const. art. 1, § 9 provides:
 No person shall be put in jeopardy twice for the same offense. No person shall be compelled in any criminal proceeding to be a witness against himself.

2. United States Const. amend. V provides in part:
 [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.

some progress on its sixth day of deliberation precluded an immediate determination of manifest necessity.

Superior Court Judge Walter L. Carpeneti, who had replaced Judge Schulz as trial judge, denied the motion in a written decision. Defendant has petitioned this court for review of Judge Carpeneti's ruling. We are satisfied that the policy behind the state and federal constitutional protection against double jeopardy supports our granting review of this issue at this time, without waiting for the completion of the second trial. *See Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) and *MacPherson v. State,* 533 P.2d 1103, 1104 & n. 3 (Alaska), *cert. denied,* 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 101 (1975).

Having carefully reviewed the record in this case, we are satisfied that Judge Carpeneti did not err in denying the motion to dismiss. We are satisfied that his conclusion that the defendant had, in fact, requested a mistrial which the trial court granted, is not clearly erroneous. When the defendant requests a mistrial, re-trial does not violate the double jeopardy clauses of the state and federal constitutions. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), *MacPherson;* 533 P.2d at 1104. We believe the supreme court's language in *MacPherson* is controlling.

> Defense counsel, despite his denials, moved for a mistrial which the trial court granted on the grounds urged. At no point did defense counsel unequivocally move to withdraw his motion, object to the trial court's stated intention to declare a mistrial or object to the actual grant of a mistrial. Once defense counsel invited the court to grant the relief of a mistrial, he was under a duty not only not to mislead the trial court, but also to clearly reveal that he desired to withdraw his motion and would object to the discharge of the jury. Thus, the mistrial must be characterized as being at the request of defense counsel, and therefore reprosecution is not prohibited.

533 P.2d at 1106.

We do not believe that defense counsel's ambiguous statement, "Just for the record,

we're not conceding manifest necessity," which came after the jury was discharged, constitutes the kind of unequivocal withdrawal of a motion for mistrial that concerned the supreme court in *MacPherson.* Moreover, in light of our independent review of the record, we are not persuaded that the procedure followed by the trial court deprived defendant and his counsel of a reasonable opportunity to be heard.

The order of the superior court denying the motion to dismiss is AFFIRMED.

BRYNER, C.J., not participating.