**Cordell TRITT, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. A–9600.**

Court of Appeals of Alaska.

April 28, 2006.

**43.** *Id.*

**44.** *See supra* Part IV.A.

Geoffry B. Wildridge and Marcia E. Holland, Assistant Public Defenders, Fairbanks, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner.

Elizabeth F. Crail, Assistant District Attorney, and Jeffrey A. O'Bryant, District Attorney, Fairbanks, and David W. Márquez, Attorney General, Juneau, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

MANNHEIMER, Judge.

Cordell Tritt stands charged with felony driving under the influence. Tritt was brought to trial on this charge in December 2005, but that trial ended when the superior court declared a mistrial without Tritt's consent. Facing a second trial, Tritt filed a motion asking the superior court to dismiss the charge against him on double jeopardy grounds. The superior court ruled that there had been manifest necessity for the mistrial, and the court accordingly ruled that the double jeopardy clause did not bar a second trial. Tritt now petitions this Court to review (and reverse) the superior court's ruling.

The ultimate question is whether there was manifest necessity for the mistrial. But the immediate question is whether this Court should grant Tritt's petition and order full briefing of the merits of the mistrial issue.

The State argues that we should deny Tritt's petition for review because Tritt has shown no reason to deviate from the normal rule that an appellate court will not consider challenges to a trial court's rulings until after the trial court has issued a final judgement. The State writes:

> Tritt has not identified any circumstances that would make [his case] any different from [the] ordinary [case].... Tritt appears to simply assume that rulings by trial judges in criminal cases should be reviewed as they are made, rather than after a final judgment has [been] entered. Because this assumption is incorrect, [Tritt's petition] ... should be denied.

The State's argument is incorrect. This Court is, in fact, legally obliged to grant Tritt's petition and to order briefing on the merits. However, the State had little way of knowing this—which is why we are taking the unusual step of issuing a published opinion explaining our decision to grant this petition for review.

A few months ago, in *Artemie v. State,* File No. A–9286, this Court received a similar petition for review. The petitioner in *Artemie* had gone to trial; that trial had ended in a mistrial without his consent; and the superior court had ordered him to stand trial a second time, despite his contention that a second trial was barred by the double jeopardy clause. Artemie then petitioned this Court to review the superior court's ruling.

This Court, by a two-to-one vote, denied Artemie's petition—essentially ruling that Artemie was obliged to wait until after the superior court issued its final judgement before Artemie could obtain appellate review of the superior court's double jeopardy decision. The dissenting opinion argued that it was improper for an appellate court to deny interlocutory review of a double jeopardy claim—since, if the defendant was right, the defendant would suffer constitutional harm just by being forced to undergo a second trial, regardless of how that trial ended. *See*

*Artemie v. State*, File No. A–9286, "Order" dated July 11, 2005.

After this Court denied Artemie's petition for review, Artemie filed a petition for hearing in the supreme court. The supreme court granted hearing and issued an order directing this Court to grant Artemie's petition for review. *See Artemie v. State*, File No. S–12026, "Order" dated December 15, 2005. Here is the text of that order (with the sole footnote incorporated as bracketed text):

> Petitioner seeks reversal of the court of appeals's ... order denying his petition for review on his claim of double jeopardy. Upon consideration of his petition for hearing and the state's response,
>
> IT IS ORDERED:
>
> The petition for hearing is GRANTED. The court of appeals's order ... denying the petition for review is VACATED. We conclude that in all but patently unmeritorious cases, the court of appeals should grant and decide petitions seeking review of a denial of a defendant's pretrial motion to dismiss on double jeopardy grounds. [*See MacPherson v. State*, 533 P.2d 1103, 1104 & n. 3 (Alaska 1975); *Peel v. State*, 751 P.2d 1366, 1368 (Alaska App.1988).] [This] case is therefore REMANDED to the court of appeals with directions to grant the petition for review and decide the merits of the double jeopardy issue.

The supreme court's order in *Artemie* settles the issue of whether a petition for review such as Tritt's should be granted. As the supreme court declared in that order, when a trial court has denied a defendant's motion to dismiss criminal charges on double jeopardy grounds, and the defendant files a petition seeking review of the trial court's decision, this Court should grant the petition—*i.e.*, agree to decide the merits of the defendant's underlying double jeopardy claim, even though no final judgement has been entered—unless the defendant's double jeopardy claim patently has no merit.

However, the supreme court neglected to publish its order in *Artemie*. Thus, many attorneys and trial court judges may be unaware of the rule that governs our consideration of this type of petition for review. For this reason, we have decided to issue a published opinion explaining our decision to grant review in this case.

The petition for review is GRANTED.

(We have issued a separate order specifying the procedures for preparing the transcript and record on appeal, and for the briefing and argument of this case.)