Airjetis ESPINAL, Petitioner,

v.

STATE of Alaska, Respondent.

No. A–10606.

Court of Appeals of Alaska.

Nov. 17, 2009.

Krista Maciolek, Assistant Public Advocate, Palmer, and Rachel Levitt, Public Advocate, Anchorage, for the Petitioner.

Brittany L. Dunlop, Assistant District Attorney, and Adrienne Bachman, District Attorney, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

MANNHEIMER, Judge.

Airjetis Espinal petitions this Court to review an evidentiary ruling of the superior court. For the reasons explained here, we deny the petition; that is, we decline to review the superior court's ruling at this time.

Espinal was originally charged with sexually assaulting, or attempting to sexually assault, four people during the course of a single evening: J.L., M.T., K.T., and P.M. In addition, Espinal was charged with attempting to murder J.L.

Espinal was brought to trial in April of this year. The jury acquitted him of sexually assaulting M.T. and K.T., and the jury also acquitted him of three of the four counts involving P.M. However, the jury was unable to reach a verdict on the fourth count involving P.M., and the jury was likewise unable to reach a verdict on the attempted murder and sexual assault counts involving J.L. The State announced its intention to retry these counts, and Espinal now faces a second trial.

In advance of Espinal's second trial, the State asked the superior court for permission to introduce evidence tending to prove that Espinal sexually assaulted M.T. The State acknowledged that Espinal had been acquitted of sexually assaulting M.T., but the State argued that this acquittal did not bar the introduction of the evidence at Espinal's trial on other charges, pursuant to Alaska Evidence Rule 404(b).

See *United States v. Watts*, 519 U.S. 148, 155–56, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997); *Dowling v. United States*, 493 U.S. 342, 349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990) (both holding that an acquittal in a criminal case does not preclude the government from re-litigating the underlying facts in a subsequent action if the litigation of those facts is governed by a lower standard of proof). See also *Hess v. State*, 20 P.3d 1121, 1125–27 (Alaska 2001).

Espinal opposed the State's request. He argued that the State's proposed evidence was not admissible under Evidence Rule 404(b), and he further argued that even if the evidence was admissible under Rule 404(b), the evidence was barred by the constitutional protection against double jeopardy. Specifically, Espinal argued that, because the jury at his first trial acquitted him of sexually assaulting M.T., the double jeopardy clause of either the Federal Constitution or the Alaska Constitution now prohibited the State from introducing any evidence tending to prove his factual guilt of this offense.

The superior court rejected Espinal's double jeopardy argument and further ruled that the evidence was admissible under the provisions of Evidence Rule 404(b). Espinal now petitions this Court to review and reverse the superior court's decision.

In his petition, Espinal challenges both portions of the superior court's ruling. That is, Espinal argues that the superior court reached the wrong conclusion regarding whether the proposed evidence is admissible under Evidence Rule 404(b), and he further argues that the double jeopardy clause prohibits the State from introducing any evidence concerning his purported sexual assault of M.T., even if this evidence would otherwise be admissible under Rule 404(b).

■ However, Espinal makes one further argument—an argument concerning appellate procedure. Espinal argues that, because his double jeopardy claim is at least debatable, this Court has no discretion to refuse to hear his petition. Espinal contends that this Court must grant his petition (*i.e.*, agree to hear the petition) and that, as a consequence, this Court is obliged to order a stay of the proceedings in the superior court until we resolve the merits of his petition.

As authority for his position that this Court has no discretion to refuse to hear his petition, Espinal relies on this Court's decision in *Tritt v. State*, 134 P.3d 364 (Alaska App.2006). According to Espinal, *Tritt* stands for the proposition that this Court must grant any petition for review that raises a double jeopardy claim. But a close reading of *Tritt* shows that it stands for a narrower rule.

The issue in *Tritt* was whether this Court had the discretion to deny a petition for review in which a criminal defendant claimed that he was unconstitutionally being forced to go to trial a second time. *Id.* at 365. The trial judge in *Tritt* had declared a mistrial without Tritt's consent; Tritt claimed that there had been no manifest necessity for declaring a mistrial, and thus the double jeopardy clause prohibited the State from trying him again. *Id.*

In our decision in *Tritt*, we adhered to what the Alaska Supreme Court had stated earlier in an unpublished order in a similar case, *Artemie v. State*. Quoting the supreme court's order in *Artemie*, we agreed that this Court "should grant and decide petitions seeking review of a denial of a defendant's pretrial motion to dismiss on double jeopardy grounds", unless it is plain that the petition has no merit. *Tritt*, 134 P.3d at 366.

■ For present purposes, the important portion of that last sentence is the language "denial of a . . . *motion to dismiss* on double jeopardy grounds". In other words, our decision in *Tritt* does not apply to all motions that rest on a double jeopardy rationale. Rather, *Tritt* applies only to motions to dismiss-that is, motions claiming that another

trial is prohibited because of the defendant's former jeopardy. As we explained in *Tritt*, when a defendant files such a motion and the trial court denies it, this Court should normally grant immediate review because, "if the defendant [is] right, the defendant would suffer constitutional harm just by being forced to undergo a second trial, regardless of how that trial ended." *Id.* at 365.

Although Espinal's claim is based on double jeopardy principles, his claim is not a motion to dismiss. He does not contest the State's right to bring him to trial again on the remaining charges. Rather, the issue that Espinal wishes to litigate in this petition for review involves the scope of the evidence that will be admissible at this second trial. Accordingly, *Tritt* does not require us to grant Espinal's petition and decide the merits of his underlying claims at this time.

There appears to be no reason for this Court to grant interlocutory review and interrupt the normal course of proceedings in the superior court. It is clear that Espinal has preserved his underlying evidentiary claims in the superior court-his argument that the State's proposed evidence is not admissible under Evidence Rule 404(b), and his further argument that, even if the evidence is admissible under Evidence Rule 404(b), the double jeopardy clause bars the State from introducing the evidence. Espinal can therefore raise these issues on appeal if he is convicted.

For these reasons, Espinal's petition for review is DENIED.